PEOPLE v HEAD

1. Criminal Law—Plea of Guilty—Case Precedent—Court Rules
   —Retroactivity.

   The Supreme Court decision regulating guilty pleas applies to all cases raising issues concerning GCR 1963, 785.7 that were pending on appeal on November 7, 1975, the date of that decision.

2. Criminal Law—Plea of Guilty—Court Rules—Primary Concern—Acknowledgment on Record—Fulfillment of Bargain—Procedures.

   The primary concern of the court rule requiring that any plea bargain between a prosecutor and a defendant be placed on the record and affirmatively acknowledged by the defendant, his counsel, and the prosecutor is in informing an appellate court what the plea bargain was and if it has been fulfilled; a defendant seeking reversal because he did not acknowledge the plea bargain on the record should first present the trial court with a motion to withdraw his plea of guilty so that court may establish a record through an evidentiary hearing on whether the plea bargain has been fulfilled (GCR 1963, 785.7[2]).

Appeal from Macomb, Walter P. Cynar, J. Submitted February 11, 1976, at Lansing. (Docket No. 23025.) Decided March 9, 1976.

Gary R. Head was convicted, on his plea of guilty, of breaking and entering a building with intent to commit larceny. Defendant appeals. Remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,*

Reference for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Prosecuting Attorney, and *William A. Dardy,* Assistant Prosecuting Attorney, for the people.

*Serotkin & Bodem,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and D. E. HOLBROOK and T. M. BURNS, JJ.

D. E. HOLBROOK, JR., P. J. The defendant pled guilty to breaking and entering a building with the intent to commit larceny. MCLA 750.110; MSA 28.305. He received a sentence of 2 to 10 years in prison. The defendant appeals as of right.

Each of the defendant's three claims of error has been carefully considered by the Court, but two of them do not require extended discussion. First, there can be no doubt that the policy enunciated in the *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), is intended to apply in all cases raising issues concerning GCR 1963, 785.7 that were pending on appeal on November 7, 1975. Second, since the defendant acknowledged on the record that he was not on probation or parole, GCR 1963, 785.7(1)(c) was not violated. *Guilty Plea Cases (People v Buck), supra,* 119.

The defendant's remaining issue though is not capable of resolution by direct reference to any of the *Guilty Plea Cases.* GCR 1963, 785.7(2) requires that any plea bargain between the prosecutor and the defendant be placed on the record and *"affirmatively acknowledged by the defendant,* his lawyer, and the prosecutor". (Emphasis supplied.) In the present case, the purported plea bargain was placed on the record and both the defense counsel and the assistant prosecutor acknowledged the bargain. However, at no time did the defendant affirmatively acknowledge the plea bargain.

The only one of the *Guilty Plea Cases* involving

GCR 1963, 785.7(2), dealt with a factual situation where it was implicit on the record that a plea bargain had been made, but the plea bargain was not actually placed on the record or acknowledged. *Guilty Plea Cases (People v Crowder), supra,* 126–127. In that case the Supreme Court remanded the case to the trial court for a hearing to establish on the record what the plea bargain was and if it was fulfilled.

As we read *Crowder, supra,* we believe that the Supreme Court's primary concern was in knowing what the plea bargain was and if it had been fulfilled. Although there is no allegation in this case that the plea bargain was not fulfilled since the plea agreement was not affirmatively acknowledged by the defendant, we remand this case to the trial court to determine what the plea bargain was and if it has been fulfilled. *Guilty Plea Cases, supra,* 127. In the future, however, such claims should first be presented to the trial court through a motion to withdraw the plea in order to establish a record through an evidentiary hearing of whether the plea bargain has been fulfilled. *People v Taylor,* 387 Mich 209, 215; 195 NW2d 856 (1972). By following such procedure a twofold purpose will be accomplished. First, we will have a record before us upon which to predicate a final decision, and second, the judicial process will be expedited by avoiding the time-consuming process of remanding for evidentiary hearings together with retention of jurisdiciton.

We retain jurisdiction. The trial court shall hold an evidentiary hearing, including interrogation of the defendant, within 30 days of the release of this opinion, to determine what the plea bargain was and whether it has been fulfilled. The trial court shall make its findings of fact which shall be

transmitted together with the transcript of the hearing to this Court within 15 days of the hearing. Each party shall have 20 days thereafter to file such supplementary briefs as the party desires.

Remanded.