## PEOPLE v HOLT

1. CRIMINAL LAW—PLEA BARGAINS—RECORD—AFFIRMATIVE AC-
KNOWLEDGMENT—COURT RULES.
    Any plea bargain between a prosecutor and a defendant must be
    placed upon the record and affirmatively acknowledged by the
    defendant, his lawyer, and the prosecutor (GCR 1963, 785.7[2]).

2. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINS—REMAND.
    A case should be remanded to the trial court for a determination
    of the nature of the agreement and whether the agreement was
    fulfilled, where a defendant has pled guilty pursuant to a plea
    bargaining agreement and where it is impossible to determine
    what the plea bargain was as well as impossible to ascertain
    whether the agreement was fulfilled because of an obvious
    inconsistency between what the prosecutor claims the bargain
    to have been and what actually appears on the written record.

Appeal from Recorder's Court of Detroit, John
R. Murphy, J. Submitted March 2, 1976, at De-
troit. (Docket No. 25396.) Decided April 6, 1976.

Andrew Holt was convicted, on his plea of
guilty, of unarmed robbery. Defendant appeals.
Remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and
*Arthur N. Bishop,* Assistant Prosecuting Attorney,
for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.
    Enforceability of plea agreement or plea entered pursuant thereto,
    with prosecuting attorney involving immunity from prosecution
    for crimes. 43 ALR3d 281.

*Gage, Burgess & Burgess,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and Mc-
GREGOR and N. J. KAUFMAN, JJ.

D. E. HOLBROOK, JR., P. J. As a result of appar-
ent plea bargaining defendant pled guilty to the
offense of unarmed robbery, MCLA 750.530; MSA
28.798. While a plea bargain was placed upon the
record it was acknowledged only by the defendant
and his counsel; no representative of the prosecut-
ing attorney's office being present.

The nature of the plea agreement as ascertained
from reviewing the plea-taking transcript was that
in return for defendant's plea of guilty to unarmed
robbery the original charge of armed robbery to-
gether with all other charges pending against
defendant in the Recorders Court for the City of
Detroit would be dismissed. The plea-taking tran-
script clearly reveals that there were in fact other
charges pending against the defendant in said
court.

On appeal the people argue that the defendant
merely bargained away a possible life sentence in
return for a sentence carrying a 15-year maximum
and should not now be heard to complain. This is
the totality of the prosecutor's understanding of
the plea agreement as determined from his brief,
his copy of a pretrial statement and his oral
argument on appeal.

Based on the foregoing it is apparent that the
prosecutor's understanding of the plea agreement
is far different than the agreement which was
placed on the record and verbally acknowledged by
the defendant and his counsel. In fact, the agree-
ment as stated by the prosecutor is far more
restrictive than the agreement set forth in the
record.

GCR 1963, 785.7(2) requires that any plea bargain between the prosecutor and the defendant be placed upon the record and *"affirmatively acknowledged by* the defendant, his lawyer, and the *prosecutor".* (Emphasis supplied.) Not only was the court rule not complied with but the prosecutor's absence from the plea taking rendered it impossible to be complied with.

In *People v Head,* 67 Mich App 678; 242 NW2d 485 (1976), a panel of this Court, in analyzing *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975) *(People v Crowder),* said:

"As we read *Crowder, supra,* we believe that the Supreme Court's primary concern was in knowing what the plea bargain was and if it had been fulfilled. Although there is no allegation in this case that the plea bargain was not fulfilled since the plea agreement was not affirmatively acknowledged * * * we remand this case to the trial court to determine what the plea bargain was and if it has been fulfilled."

Because of the obvious inconsistency between what the prosecutor now claims the bargain to have been and what actually appears on the written record, not only is it impossible to determine what the plea bargain was but it is likewise impossible to ascertain if the agreement was fulfilled. We therefore remand this case to the trial court to determine the nature of the bargain and whether it was fulfilled.

The trial court shall hold an evidentiary hearing, within 30 days of the release of this opinion, to determine what the plea bargain was and whether it has been fulfilled. The trial court shall make its findings of fact which shall be transmitted together with the transcript of the hearing to this Court within 15 days of the hearing. Each

party shall have 20 days thereafter to file such supplementary briefs as the party desires.

We retain jurisdiction. Remanded.