PEOPLE v YOUNG

1. CRIMINAL LAW—APPEAL AND ERROR—PLEA OF GUILTY—PLEA BAR-
GAIN—PROSECUTOR'S AFFIRMATIVE ACKNOWLEDGMENT—HARM-
LESS ERROR.

    It was harmless error, in a criminal prosecution in which a
defendant pled guilty to a lesser offense pursuant to a plea
bargain, for the trial court to accept the defendant's guilty plea
without the prosecutor's affirmative acknowledgment of the
terms of the plea bargain where the terms were clear and the
defendant got precisely what he bargained for.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—SPEEDY TRIAL—DELAY—
GOOD CAUSE—PREJUDICE.

    A defendant's claim that he was denied his right to a speedy trial
is without merit where a review of the record indicates that
there was good cause for the delay, which was only for 10-1/2
months, and where there has been no showing of prejudice by
the defendant.

Appeal from Recorder's Court of Detroit, John
Patrick O'Brien, J. Submitted October 13, 1976, at
Detroit. (Docket No. 22673.) Decided December 10,
1976.

David Young was convicted, on his plea of
guilty, of assault with intent to rob being armed.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.
[2] 21 Am Jur 2d, Criminal Law § 241 *et seq.*

*Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*E. John Wieferman,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and N. J. KAUFMAN and D. C. RILEY, JJ.

D. E. HOLBROOK, JR., P. J. Defendant was charged with armed robbery. MCLA 750.529; MSA 28.797. Some 10-1/2 months later defendant entered a plea of guilty to the lesser offense of assault with intent to rob being armed. MCLA 750.89; MSA 28.284. Such plea was the result of a plea agreement pursuant to which it was agreed that the sentence to be imposed by the trial court would not exceed 15 years maximum. The court ultimately sentenced the defendant to imprisonment for a term of not less than 10 nor more than 15 years.

Initially defendant claims that reversible error occurred because the plea agreement was not affirmatively acknowledged on the record by the prosecutor. In *People v Head,* 67 Mich App 678, 680; 242 NW2d 485 (1976), in commenting upon *Guilty Plea Cases (People v Crowder),* 395 Mich 96, 126–127; 235 NW2d 132 (1975), we said: "As we read *Crowder, supra,* we believe that the Supreme Court's primary concern was in knowing what the plea bargain was and if it had been fulfilled". In that case the defendant had not affirmatively acknowledged the plea agreement and we remanded to the trial court. In *People v Holt,* 68 Mich App 490; 242 NW2d 816 (1976), we again remanded to the trial court for an evidentiary hearing to determine what the plea agreement was and if it had been fulfilled. In that case while a plea agreement was placed upon the record it was only acknowl-

edged by the defendant and his counsel. The prosecutor was absent from the plea taking proceedings. In *Holt,* however, it was apparent on appeal that the prosecutor's understanding of the plea agreement was vastly different and far more restrictive than the agreement which was placed upon the record and affirmatively acknowledged by defendant and his counsel.

Both *Head* and *Holt* can be distinguished from the instant case. In *Head* it was the defendant himself who failed to acknowledge the plea agreement. In *Holt* not only did the prosecutor fail to acknowledge the agreement but on appeal stated the agreement to have been different and more restrictive than the agreement which was placed upon the record and acknowledged by defendant and his counsel.

In the case at bar the agreement is clear. Defendant agreed to plead to the lesser offense of assault with intent to rob while being armed in return for the court's assurance that his sentence would not exceed 15 years maximum. On appeal the prosecutor agrees that this was to have been the bargain. The sentencing transcript clearly reveals that the agreement was fulfilled. Hence, not only do we know what the agreement was but we also know the agreement to have been fulfilled. It would be an exercise in futility to remand this case to the trial court to ascertain the obvious. While it was error for the trial court to have accepted the defendant's plea absent the prosecutor's affirmative acknowledgment, such error is clearly harmless since defendant got precisely what he bargained for and all parties agree.

Defendant's final contention that he was denied his right to a speedy trial is without merit. A review of the record indicates good cause for the

delay, the delay was only for 10-1/2 months, and there has been no showing of prejudice by appellant. *People v Butcher,* 46 Mich App 40; 207 NW2d 430 (1973).

Affirmed.