Albert Lee SHEFFIELD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. O–76–836.

Court of Criminal Appeals of Oklahoma.

March 10, 1977.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Alan Foster, Legal Intern, for appellee.

OPINION

BUSSEY, Presiding Judge:

Appellant, Albert Lee Sheffield, hereinafter referred to as defendant, plead guilty to the offense of Burglary in the Second Degree on the 1st day of July, 1975, in the District Court, Oklahoma County, Case No.

CRF–75–1890, at which time he received a two (2) year suspended sentence under the rules and conditions of probation. On the 15th day of April, 1976, the State filed an Application to Revoke the Suspended Sentence. After waiving his right to a preliminary hearing on the Application to Revoke, a hearing was held on the 6th day of May, 1976, at which time the court ordered that the suspended sentence be revoked and that the defendant be ordered to serve two (2) years under the direction and control of the Department of Corrections. From the Order Revoking his Suspended Sentence, the defendant files this appeal.

At the hearing on the Application to Revoke the Suspended Sentence, the State produced several witnesses. The first was Mr. W. C. Steffenson, a Deputy Sheriff of Oklahoma County, who testified that on the 15th day of March, 1976, he was unable to find his car in the parking bay at approximately at 6:30 p. m. Upon discovering the car missing, he immediately reported the same to the Oklahoma City Police Department. Deputy Steffenson next saw his car on March 20, 1976, in the 1200 block of North Irving in Oklahoma City. The police radio equipment and numerous articles were missing from the trunk.

The State then called Officer Don Smith of the Oklahoma City Police Department, who testified that he talked to the defendant on March 20, 1976, concerning Deputy Steffenson's automobile. At that time the defendant informed this officer that he had obtained the vehicle from a juvenile, M. G., at the Y. M. C. A. at Sixteenth and Eastern in Oklahoma City, around midnight on March 19, 1976. The officer further testified that the defendant had informed him that he thought the juvenile, M. G., owned the automobile, although he knew the juvenile had a history of stealing automobiles.

The next witness for the State was Mr. Richard K. Baldwin, who testified that he was the defendant's probation and parole officer. He testified that after speaking to the defendant concerning this incident, the defendant told him that he was in the vehicle when he was arrested by the Oklahoma City Police, and that he had obtained the car from the juvenile.

The State rested and the defendant chose to testify in his own behalf. He stated that he thought the car belonged to the juvenile, M. G., whom he had known for a long time. On cross-examination, he admitted that he was aware of the fact that the juvenile had been in "trouble" for stealing cars.

At the end of the hearing, the trial court made the following observations, which appear in the Transcript at page 21:

". . . I find it incredible that at about midnight that this boy, this Defendant in this case, would take possession of this automobile from M. G. a fifteen year old juvenile whom the Defendant at the time knew had been involved in the theft of automobiles who didn't have a job, in fact it was a '72 model car. It is late at night. I find it incredible to believe his story when he tells me that he was under the impression this automobile was property of and did belong to M. G. Therefore, I am persuaded by a preponderance of this evidence that this Defendant is guilty of violating the terms of the probationary sentence in that he did—that he is guilty of the Unauthorized Use of a Motor Vehicle. I make this finding by a preponderance of the evidence and not beyond a reasonable doubt. . . ."

For his sole assignment of error the defendant alleges that there was insufficient evidence to justify the court's order revoking the suspended sentence. The defendant fails to cite any authority supporting his contention. This Court has repeatedly held that:

"It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citations of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred."

See, *Sandefur v. State,* Okl.Cr., 461 P.2d 954 (1969); *Sanders v. State,* Okl.Cr., 461 P.2d 964 (1969); and *Battle v. State,* Okl.Cr., 478 P.2d 1005 (1970).

While it is fundamental that a violation of the conditions of probation need only be shown by a preponderance of the evidence, this Court has repeatedly held that a decision to revoke a suspended sentence lies within the sound discretion of the trial court. 22 O.S.Supp.1976, § 991b; *Caudill v. State,* Okl.Cr., 532 P.2d 63 (1975). Therefore, absent a showing of an abuse of discretion on the part of the trial court, this Court has no authority to either reverse or modify that court's decision. See *Caudill v. State,* supra.

A careful examination of the record in this case reveals that no fundamental rights of the defendant were denied him and that there was sufficient evidence from which the trial court based its Order. Therefore, finding no error which would justify modification or reversal in this cause, we find the same should be, and hereby is, *AF-FIRMED.*

BLISS and BRETT, JJ., concur.