**In the Matter of T. L. W.**

**No. J–77–392.**

Court of Criminal Appeals of Oklahoma.

April 19, 1978.

John Dratz, Jr., Asst. Public Defender, Tulsa District Court, Tulsa, for appellant.

Donald M. Bingham, Asst. Dist. Atty., Tulsa, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, T. L. W., previously adjudged a delinquent, placed on probation, had his

probation revoked after a revocation hearing in the Juvenile Court, Tulsa County, in Case No. JFJ–76–1020, and was placed in the custody of Lakeside Home in Tulsa, Oklahoma. From this determination, appellant has perfected a timely appeal to this Court.

Appellant first contends that the motion to revoke probation charged the appellant with sniffing a substance containing ketones and that the State failed to present evidence that the paint used contained ketones. The motion read as follows:

"That the above named child, found living in Tulsa County, Oklahoma, is a delinquent child due to the fact that on or about 3/25/77, he did unlawfully, willfully, deliberately and wrongfully smell, inhale and breathe a chemical substance containing ketones, to-wit: a sock saturated with copper paint was found on him, said substance containing solvents releasing toxic vapors, with the unlawful intent then and there on the part of said child to cause in himself a condition of intoxication, excitement and elations."

This motion was based on substantially the language of 63 O.S.1971, § 465.20.

The facts of the case are as follows. Two police officers testified that appellant's companion appeared to be intoxicated and had the smell of paint about him. When the officers approached the car in which the appellant was sitting, they again noticed the presence of paint odor. It was stated that the appellant was slow to respond, glassy eyed and slightly unsteady. Also, when taken from the car, two rags containing paint were found on the floorboard under his feet. Furthermore, appellant's probation counselor testified that the appellant admitted having sniffed paint on the date in question. Appellant also took the stand and admitted he had been sniffing paint approximately 20 to 30 minutes prior to the arrest and that he was intoxicated at the time of the arrest but not to a high degree.

■■ One must remember that the language complained of was used in a motion to revoke probation and was not a petition to be used on a trial of the merits. In such a case the State has the burden to prove the allegation by a preponderance of the evidence. *Wallace v. State,* Okl.Cr. 562 P.2d 1175 (1977); *Sheffield v. State,* Okl.Cr., 561 P.2d 564 (1977); *Phipps v. State,* Okl.Cr., 529 P.2d 998 (1974). In this situation we feel that the fact appellant confessed to his counselor and also testified at the hearing that he was intoxicated and that he, in fact, sniffed paint in order to become intoxicated supplied sufficient proof to revoke his probation. By these admissions it was proved that the substance inhaled did, in fact, contain toxic vapors that created a state of intoxication, and it was, thus, unnecessary to prove the actual chemical makeup of the paint. For this reason we find this assignment of error without merit.

■ As his second assignment of error, appellant contends that the crime occurred in Osage County, and thus the Juvenile Court of Tulsa County, had no jurisdiction to try the case on the merits. As has already been stated the hearing was on a motion to revoke probation and was not a trial on the merits. Due to the prior adjudication of the delinquency in that court, that court had jurisdiction to consider a motion to revoke probation. This Court has also held on prior occasions that it is not necessary that a person be convicted of the crime charged before probation can be revoked. *Knight v. State,* Okl.Cr., 506 P.2d 927 (1973); *Jeremiah v. State,* Okl.Cr., 504 P.2d 442 (1972); *Carson v. State,* Okl.Cr., 493 P.2d 1397 (1972). For these reasons we find this assignment of error to be without merit.

For the foregoing reasons we affirm the order of the Tulsa County Juvenile Court.

CORNISH and BRETT, JJ., concur.