PEOPLE v BUCKNER

Docket No. 49143. Submitted November 4, 1980, at Detroit.—Decided December 19, 1980.

Defendant, Myrick Buckner, was arrested and charged with unlawfully driving away an automobile and, on a separate occasion, of armed robbery and felony-firearm. As a result of his being arrested, defendant's sentence of probation for an earlier conviction in Detroit Recorder's Court was revoked, Warfield Moore, Jr., J. Defendant was subsequently acquitted of the armed robbery and felony-firearm charges, but pled nolo contendere to the charge of unlawfully driving away an automobile. Defendant appeals from the order of probation revocation. *Held:*

Probation may not be revoked solely on the basis that the probationer has been arrested. There must be verified facts in the record from which the court can find by a preponderance of the evidence that the violation was committed. There is no such evidence in this record. Remand is necessary because the fact that defendant has been acquitted of the armed robbery and felony-firearm charges may alter his sentence. On remand, defendant also has the right to offer evidence of any mitigating circumstances which may relate to his conviction on the nolo contendere plea.

Reversed and remanded.

1. CRIMINAL LAW — PROBATION — REVOCATION OF PROBATION.

A conviction on the charges for which a defendant was arrested is not a prerequisite to a finding of probation violation based on the arrest because of the different standards of proof required for a criminal conviction and a probation revocation.

2. CRIMINAL LAW — PROBATION — REVOCATION OF PROBATION — STANDARD OF PROOF.

A defendant's probation cannot be revoked solely on the basis

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 567.

[3] 21 Am Jur 2d, Criminal Law § 568.

Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

that he has been arrested; there must be verified facts in the record from which the court can find by a preponderance of the evidence that a violation of probation was committed.

3. CRIMINAL LAW — PROBATION — REVOCATION OF PROBATION — NEW HEARING.

A defendant has a right to a new probation revocation hearing where, although he is ultimately convicted of one offense, his probation was revoked based on an assumption that he was guilty of additional offenses also and he was subsequently acquitted of those additional offenses; because at the new hearing the findings on his acquittals on the additional charges may alter his sentence, the defendant should be allowed to offer evidence of any mitigating circumstances which may relate to his conviction.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Michael F. Bakaian,* Assistant Prosecuting Attorney, for the people.

*Lawrence Baron,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and D. F. WALSH and D. C. RILEY, JJ.

PER CURIAM. Defendant appeals from an order of probation revocation. We reverse and remand for a new hearing.

Defendant's probation was revoked on the evidence that after being placed on probation he had been twice arrested, once on a charge of unlawfully driving away an automobile, MCL 750.413; MSA 28.645, and once on charges of armed robbery, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2). There was no testimony or other evidence relating to the events which precipitated these arrests.

A conviction on the charges for which a defendant was arrested is not a prerequisite to a finding of probation violation based on the arrests. Because of the different standards of proof required for a criminal conviction and a probation revocation, probation may be revoked even if a defendant is acquitted on the charges for which he was arrested. *People v Nesbitt,* 86 Mich App 128, 136; 272 NW2d 210 (1978). But probation may not be revoked solely on the basis that the probationer was arrested. There must be verified facts in the record, *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972), from which the court can find by a preponderance of the evidence, *People v Billy Williams,* 66 Mich App 67; 238 NW2d 407 (1975), that the violation was committed. We find no such evidence in this record.

The people contend that since defendant was subsequently convicted, on his plea of nolo contendere, of the offense of unlawfully driving away an automobile, no remand is necessary. We disagree. Although defendant's conviction of UDAA constitutes a violation of probation, his sentence for probation violation was based on an assumption that he was guilty of armed robbery, felony-firearm and UDAA. Since the findings of the court on remand relating to the armed robbery charges and the felony-firearm charges may alter his sentence, the defendant has a right to a new hearing. *People v Bell,* 67 Mich App 351; 241 NW2d 203 (1976). Moreover, at the new hearing the defendant has the right to offer evidence of any mitigating circumstances which may relate to the UDAA conviction. *People v Rocha,* 86 Mich App 497; 272 NW2d 699 (1978).

Reversed and remanded.