PEOPLE v McENTYRE

Docket No. 59205. Submitted November 15, 1982, at Detroit.—Decided August 2, 1983. Leave to appeal applied for.

Craig McEntyre was convicted of breaking and entering an occupied dwelling with intent to commit larceny and was placed on probation, Recorder's Court of Detroit, David P. Kerwin, J. Defendant was thereafter charged with and acquitted of murder during the commission of a larceny. Following defendant's acquittal on the felony-murder charge, probation revocation proceedings were instituted against defendant based on his possession of certain goods which were allegedly taken during the larceny which accompanied the murder. Based on the murder trial testimony relative to defendant's possession of the goods in question, Judge Kerwin found defendant guilty of probation violations and sentenced him to a prison term. Defendant appeals. *Held:*

1. Since the standard of proof required to support a criminal conviction is higher than that required to revoke probation, acquittal of the criminal charge did not bar the revocation of probation based on the same facts.

2. The trial court's statements, when read in the context of the proofs presented and the theories argued by counsel, were adequate to convey the nature of the trial court's findings. Remand for further findings of fact is not necessary.

3. Remand for resentencing after the preparation of a new presentence report is mandated.

Affirmed but remanded for resentencing.

CRIMINAL LAW — PROBATION — REVOCATION OF PROBATION.

Acquittal of criminal charges does not bar revocation of probation based on the same facts as gave rise to the criminal charges, because the standard of proof required for a criminal conviction is higher than that required to revoke probation.

*Frank J. Kelley*, Attorney General, *Louis J.*

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 578, 579.

*Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender* (by *Kim Robert Fawcett),* for defendant.

Before: WAHLS, P.J., and M. J. KELLY and N. J. LAMBROS,* JJ.

PER CURIAM. Defendant was convicted of breaking and entering an occupied dwelling with the intent to commit larceny. MCL 750.110; MSA 28.305. He was placed on probation. After finding that defendant had violated the terms of his probation, the sentencing judge revoked defendant's probation and sentenced him to a prison term of 7-1/2 to 15 years. Defendant appeals by right.

Defendant first claims that his acquittal of criminal charges based on a set of facts precluded the revocation of his probation based on the same set of facts. His argument is based on principles of collateral estoppel to the extent that those principles are embodied in the Double Jeopardy and Due Process Clauses of the state and federal constitutions. Defendant specifically relies on the decision of the Illinois Supreme Court in *People v Grayson,* 58 Ill 2d 260; 319 NE2d 43 (1974), *cert den* 421 US 994; 95 S Ct 2001; 44 L Ed 2d 484 (1975).

We believe that the position taken by the Illinois court should not be adopted in Michigan. In a majority of jurisdictions, acquittal of criminal charges does not bar revocation of probation based on the same facts. *State v Jameson,* 112 Ariz 315;

* Circuit judge, sitting on the Court of Appeals by assignment.

541 P2d 912; 76 ALR3d 556 (1975); *In re Coughlin,* 16 Cal 3d 52; 545 P2d 249; 127 Cal Rptr 337 (1976); *Russ v State,* 313 So 2d 758 (Fla, 1975), *cert den* 423 US 924; 96 S Ct 267; 46 L Ed 2d 250 (1975); *Johnson v State,* 240 Ga 526; 242 SE2d 53 (1978), *cert den* 439 US 881; 99 S Ct 221; 58 L Ed 2d 194 (1978); *Jackson v State,* — Ind App —; 420 NE2d 1239 (1981); *Scott v State,* 238 Md 265; 208 A2d 575 (1965); *Moore v State,* 644 P2d 1079 (Okla Crim App, 1982); *State v Fortier,* 20 Or App 613; 533 P2d 187 (1975); *Commonwealth v Brown,* 281 Pa Super 348; 422 A2d 203 (1980); *State v Delp,* 614 SW2d 395 (Tenn Crim App, 1980); *Bradley v State,* 608 SW2d 652 (Tex Cr App, 1980); *Marshall v Commonwealth,* 202 Va 217; 116 SE2d 270 (1960); *State v Cyganowski,* 21 Wash App 119; 584 P2d 426 (1978). See also the discussion in *People v Buckner,* 103 Mich App 301; 302 NW2d 848 (1980), and *People v Nesbitt,* 86 Mich App 128, 136; 272 NW2d 210 (1978). We agree with the courts in the majority of jurisdictions that have considered the question that the major stumbling block to acceptance of defendant's theory is the higher burden of proof imposed in a criminal trial.

Defendant's second claim on appeal is that the trial judge failed to find a violation of law upon which revocation of his probation could be based. We agree with defendant that the findings of fact made by the trial judge are not very clear, but conclude that a remand for more detailed findings would be useless. The findings must be read in the context of the proofs presented and the theories argued by counsel at the revocation hearing. We believe that the judge expressed in his findings of fact his belief that the proofs showed that defendant was guilty of either larceny or receiving and concealing stolen property in connection with his

possession of the victim's property shortly after the murder. We do not think that defendant's explanation of the judge's findings is plausible.

The prosecutor concedes that defendant is entitled to be resentenced after the preparation of a new presentence report.

The order revoking defendant's probation is affirmed. Remanded for resentencing.