## IN THE MATTER OF BELCHER

Docket No. 74758. Submitted October 5, 1984, at Lansing.—Decided
    May 20, 1985. Leave to appeal applied for.

Daryl Belcher pled guilty in the juvenile division of the Wayne
    Probate Court to a charge of breaking and entering a place of
    business with intent to commit larceny and was placed on
    probation in his mother's home, Y. Gladys Barsamian, J. Ap-
    proximately six months later a petition for rehearing of the
    probate court's order of disposition was filed charging that
    Belcher had violated the conditions of probation by, among
    other things, committing a breaking and entering of an occu-
    pied dwelling with intent to commit larceny and committing an
    assault with intent to commit an unarmed robbery. A referee
    found, by a preponderance of the evidence, that Belcher had
    violated the terms of his probation by committing those crimes,
    and the probate court affirmed those findings on review. The
    probate court revoked Belcher's probation and entered an order
    of disposition committing him to the Department of Social
    Serices for placement. Belcher appeals. *Held:*

    1. Belcher's argument that the Juvenile Court Rules prohibit
    revocation of probation unless a violation of the conditions of
    probation is proven beyond a reasonable doubt is without
    merit. The Juvenile Court Rules do not require proof beyond a
    reasonable doubt in the dispositional phase of a case.

    2. Belcher's argument that due process prohibits revocation
    of juvenile probation unless a violation of the conditions of
    probation is proven beyond a reasonable doubt is rejected. The
    standard of proof in a juvenile probation revocation proceeding
    is proof by a preponderance of the evidence, and the evidence
    was ample to satisfy that standard.

    Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
    Children § 13.
    Right of bail in proceedings in juvenile court. 53 ALR3d 848.
[2, 3] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
    Children § 54.

1. CRIMINAL LAW — INFANTS — JUVENILE COURT — DUE PROCESS.

   Proceedings in juvenile court may not need to conform with all the requirements of a criminal trial but essential requirements of due process and fair treatment must be met.

2. CRIMINAL LAW — INFANTS — ADJUDICATIVE PHASE — DUE PROCESS — EVIDENCE.

   Proof beyond a reasonable doubt is an essential requirement of due process and fair treatment in the adjudicative phase of a proceeding in which a juvenile is charged with an act which would be a crime if committed by an adult and faces possible confinement in a state institution.

3. CRIMINAL LAW — INFANTS — PROBATION REVOCATION — BURDEN OF PROOF.

   The standard of proof in probation revocation proceedings for both adults and juveniles is proof by a preponderance of the evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the appellee.

Juvenile Defender Officer (by *William E. Ladd),* for appellant.

Before: CYNAR, P.J., and M. J. KELLY and R. L. EVANS,* JJ.

R. L. EVANS, J. In a proceeding in the juvenile division of probate court on January 31, 1983, respondent pled guilty to breaking and entering a place of business with intent to commit larceny, MCL 750.110; MSA 28.305. Pursuant to MCL 712A.18(1)(b); MSA 27.3178(598.18)(1)(b), the probate court placed respondent on probation in the home of respondent's mother. A condition of the

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

probation imposed was that respondent not violate any criminal law. On June 23, 1983, a petition for rehearing of the probate court's order of disposition was filed. The petition charged that respondent had violated the conditions of probations by, among other things, committing a breaking and entering of an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305, and an assault with intent to commit an unarmed robbery, MCL 750.88; MSA 28.283. A referee found that respondent had violated the terms of his probation by committing those crimes, and the probate court affirmed those findings on review. Both the referee and the probate court indicated that they were applying a "preponderance of the evidence" standard. The probate court revoked respondent's probation and entered an order of disposition pursuant to MCL 712A.18(1)(e); MSA 27.3178(598.18)(1)(e), committing respondent to the Department of Social Services for placement. Respondent appeals as of right.

Respondent argues that the Juvenile Court Rules prohibit revocation of probation unless a violation of the conditions of probation is proved beyond a reasonable doubt. JCR 8.3 (now MCR 5.908[C]) required proof beyond a reasonable doubt in the adjudicative phase of a case involving an offense by a child, but imposed no such requirement in the dispositional phase. *In the Matter of Sharman Scruggs,* 134 Mich App 617, 621-622; 350 NW2d 916 (1984), explained that a probation violation hearing is dispositional rather than adjudicative, because the original decision to place the child on probation rather than to impose some other sanction was dispositional rather than adjudicative. The Court noted that a finding that the child violated the conditions of probation carried different consequences than a finding of guilt on a

substantive charge. *Scruggs* shows that respondent's arguments concerning the Juvenile Court Rules are without merit.

Respondent also argues that due process prohibits revocation of juvenile probation unless a violation of the conditions of probation is proven beyond a reasonable doubt. Although proceedings in juvenile court need not conform with all the requirements of a criminal trial, essential requirements of due process and fair treatment must be met. *In re Gault,* 387 US 1, 30-31; 87 S Ct 1428; 18 L Ed 2d 527 (1967). Proof beyond a reasonable doubt is an essential requirement of due process and fair treatment in the adjudicative phase of a proceeding in which a juvenile is charged with an act which would be a crime if committed by an adult and faces possible confinement in a state institution. *In re Winship,* 397 US 358; 90 S Ct 1068; 25 L Ed 2d 368 (1970).

In *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), however, the court explained that, although an adult probationer is entitled to a hearing at which certain minimum requirements of due process are observed before probation is revoked, a probationer is not entitled to all of the protections of a criminal trial, because the probationer has already been convicted of a crime. It is well settled in Michigan that the standard of proof in adult probation revocation proceedings is proof by a preponderance of the evidence. See *People v Billy Williams,* 66 Mich App 67, 71; 238 NW2d 407 (1975), *People v Miller,* 77 Mich App 381, 387; 258 NW2d 235 (1977), *People v Rocha (After Remand),* 99 Mich App 654, 656-657; 299 NW2d 16 (1980), *Pepole v Buckner,* 103 Mich App 301, 303; 302 NW2d 848 (1980), *People v Tebedo,* 107 Mich App 316, 320-321; 309 NW2d 250 (1981), and *People v McEntyre,* 127

Mich App 731, 733; 339 NW2d 538 (1983). The status of a juvenile probationer is analogous to that of an adult probationer, and we see no reason to impose a higher burden of proof in juvenile probation revocation proceedings than in adult probation revocation proceedings.

Cases from other jurisdictions reaching similar conclusions include *In re Maricopa County Juvenile Action #J-72918-S,* 111 Ariz 135; 524 P2d 1310 (1974), *In re Sneed,* 72 Ill 2d 326; 21 Ill Dec 194; 381 NE2d 272 (1978), *In re Walker,* 282 NC 28; 191 SE2d 702 (1972), *In the Matter of TLW,* 578 P2d 360 (Okla Crim, 1978), *State ex rel Gillard v Cook,* 528 SW2d 545 (Tenn, 1975), and *In re Welfare of Ames,* 16 Wash App 239; 554 P2d 1084 (1976). Many of the cases from other jurisdictions in which proof beyond a reasonable doubt has been required are distinguishable, because they involve state statutes significantly different from those of Michigan. In *People in Interest of CB,* 196 Colo 362; 585 P2d 281 (1978), the court agreed that juvenile probation revocation proceedings were analogous to adult probation revocation proceedings but required the higher standard of proof because Colorado statutes require proof beyond a reasonable doubt for revocation of adult probation. In *TSI v State,* 139 Ga App 775; 229 SE2d 553 (1976), the court pointed out that, under Georgia statutes, juvenile probation cannot be revoked absent a finding at a *de novo* trial that the juvenile committed a delinquent act. The court reasoned that a requirement of proof beyond a reasonable doubt was implicit in the requirement of a *de novo* trial on whether the juvenile had committed a delinquent act. *In the Matter of JL,* 664 SW2d 119 (Tex App, 1983), involved a Texas statute expressly requiring proof beyond a reasonable doubt.

Respondent places considerable reliance on *In re*

*Arthur N,* 16 Cal 3d 226; 127 Cal Rptr 641; 545 P2d 1345 (1976). That case did not involve revocation of juvenile probation, but instead involved a supplemental petition seeking imposition of a more restrictive sanction based on subsequent misconduct by a juvenile who had previously been declared a ward of the court. The court concluded that proceedings pursuant to supplemental petitions and proceedings pursuant to original petitions were indistinguishable and held that proof beyond a reasonable doubt was required when a supplemental petition charged the juvenile with an act which would be a crime if committed by an adult and which could lead to confinement in a state institution. The court noted that not every juvenile previously declared a ward of the court had been so declared after an adjudicative hearing at which proof beyond a reasonable doubt was required. The court also noted that, in contrast to adult probation revocation proceedings where the penalty for the violation of probation is limited by the sentence available for the original crime, a supplemental petition could in some instances lead to imposition of sanctions against the child which would have been impermissible under the original petition.

*In re Arthur N* raises serious concerns but is inapplicable here. California apparently had no sanction equivalent to the juvenile probation at issue here. We have no doubt that *In re Winship* requires proof beyond a reasonable doubt before juvenile probation can be imposed, but this respondent had an opportunity before being placed on probation for an adjudicative hearing at which proof beyond a reasonable doubt would have been required. Respondent instead pled guilty to the charged offense. The sanction imposed here clearly would have been a permissible sanction in the

dispositional phase of the proceedings on the original charge. We conclude that the standard of proof in a juvenile probation revocation proceeding is proof by a preponderance of the evidence.

The evidence here was ample to satisfy that standard. Testimony by the victim showed a breaking and entering of an occupied dwelling with intent to commit larceny and an assault with intent to commit an unarmed robbery. A neighbor identified respondent as one of several persons she saw leaving the victim's home with property the victim indicated had been stolen from her. The neighbor had seen respondent several times previously. Some of the property stolen from the victim was later found near respondent's home.

Affirmed.