The Honorable Chris Piazza Prosecuting Attorney P.O. Box 1979 Little Rock, AR 72203
Dear Mr. Piazza:
This is in response to a request for an opinion forwarded to our office by Stephen Medlock, Deputy Prosecuting Attorney, regarding Arkansas Code of 1987 Annotated 9-27-345(e)(1). Mr. Medlock has asked the following specific question in this regard:
 (1) What is the burden of proof required at juvenile court revocation of probation or parole hearings?
Historically, juveniles and juvenile proceedings have not been accorded all the procedural safeguards afforded adult criminal prosecutions. However, in recent years the United States Supreme Court has applied certain constitutional guarantees associated with adult criminal prosecutions to juvenile proceedings. In doing so, the Court has held that fundamental fairness, as embodied in the concept of due process, is the test for determining whether requirements of adult prosecutions are applicable to juvenile proceedings. See, generally, In re Gault,387 U.S. 1 (1967); In re Winship, 397 U.S. 358 (1970); McKevier v. Pennsylvania, 403 U.S. 528 (1971); Breed v. Jones, 421 U.S. 519
(1975).
In McKevier v. Pennsylvania, supra, the Court reiterated that the fundamental fairness test articulated in Gault, supra, controlled in determining the procedural safeguards to be afforded juveniles. The Court further noted that "[t]he requirements of notice, counsel, confrontation, cross-examination, and standard of proof naturally flowed from this emphasis." McKevier, at 543.
In Winship, supra, the Court held that the standard of proof applicable in adjudicating a juvenile a delinquent is proof beyond a reasonable doubt. Id, at 367-68. While the United States Supreme Court has not addressed the issue involving the appropriate standard of proof in juvenile revocation of probation and parole hearings, there appears to be a split in authority among the state courts. Although a number of jurisdictions employ a preponderance of the evidence standard, still others require proof of guilt beyond a reasonable doubt in these proceedings.
Some jurisdictions have specifically enacted provisions requiring proof beyond a reasonable doubt in revocation hearings for both juveniles and adult offenders. Such specific delineation by statute mandates application of the proof beyond a reasonable doubt standard in these proceedings. See, People in Interest of CB, 585 P.2d 281 (Colo. 1978); T.S.I. v. State 299 S.E.2d 553
(Ga.App. 1976); In the Matter of J.L., 664 S.W.2d 119 (Tex.App. 13 Dist. 1983).
However, by analogizing juvenile probation revocation proceedings to those for adults, a number of state courts have held that preponderance of the evidence is the appropriate standard. Some courts have characterized probation revocation proceedings as dispositional and thus distinguished them from adjudication proceedings, thereby concluding that due process does not mandate a higher burden of proof. See, In re Maricopa County Juvenile Action #J-72918-5, 524 P.2d 1310 (Ariz. 1974); State ex rel. Gillard v. Cook, 528 S.W.2d 545 (Tenn. 1975); In the Matter of Belcher, 371 N.W.2d 474 (Mich.App. 1985); In the Matter of Gregory M., 502 N.Y.S.2d 570 (N.Y. Fam. Ct. 1986).
A.C.A. 5-4-309(d) does establish preponderance of the evidence as the standard of proof for revocation of probation under the Criminal Code. And A.C.A. 9-27-345(e)(1), pertaining to juvenile revocation hearings, does appear within the dispositional provisions of the Juvenile Code. One might therefore contend, based upon the foregoing cases, that due process does not compel application of the higher burden of proof. However, the language of 9-27-345(e)(1) must also be considered wherein reference is made to violating probation or parole as a "separate act of delinquency." The case of T.S.I. v. State, supra, may offer some guidance in this regard. It is reasonable to conclude, moreover, that an Arkansas court would in this instance look to the construction of similar laws in other jurisdictions. See Smithey v. State, 269 Ark. 538, 602 S.W.2d 676 (1980).
In T.S.I. v. State, a Georgia statute provided that a violation of a condition of probation constituted a delinquent act. Thus, the Court found that proceedings to revoke probation must be on a de novo hearing. In effect, the Court found that revocation hearings were to be treated as delinquency trials. Id. at 554. This appears to be the case in Arkansas. Section 9-27-345(e)(1) provides in pertinent part that "[v]iolation of a term of probation or parole shall be a separate act of delinquency. . . ." A plain reading of this Code provision compels the conclusion that a violation of probation and parole constitutes a delinquent act. It may therefore be concluded that the standard of proof applicable in proceedings for the initial offense also applies in revocation hearings. While the Juvenile Code itself does not articulate the standard of proof for adjudicatory hearings, Winship, supra, mandates application of the reasonable doubt standard.
In your correspondence, you query whether A.C.A. 9-27-345(e)(1) takes precedence over 5-4-309. The specific provisions articulated under the Code pertaining to the juvenile court apply to juvenile proceedings prosecuted pursuant to the provisions contained therein. Thus, A.C.A. 9-27-345(e)(1) does not take precedence over 5-4-309. These provisions have specific application to distinct proceedings.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:ljm