*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DIONTE MARQUIS FIZER,

        Defendant-Appellant.

UNPUBLISHED
May 16, 2019

No. 341885
Wayne Circuit Court
LC No. 16-000186-01-FH

Before: SAWYER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendant pleaded guilty to possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(v), and the trial court sentenced him to two years of probation. While on probation, defendant allegedly committed a drive-by shooting. Defendant was charged, tried, and acquitted of 19 charges stemming from the alleged shooting. After defendant was acquitted, the trial court revoked defendant's probation based on the evidence introduced at defendant's trial. Defendant was sentenced to 30 months to 4 years' imprisonment for possession of less than 25 grams of cocaine. Defendant now appeals as of right. We affirm.

First, defendant argues that the trial court denied defendant's right to due process when the court failed to hold a contested probation hearing where defendant could present evidence and question witnesses. We disagree.

A party preserves an issue for appeal when the issue is raised in the trial court and the court considers the issue. *People v Fyda*, 288 Mich App 446, 460 n 35; 793 NW2d 712 (2010). Defendant did not object to the method of the probation violation hearing at the hearing, at defendant's subsequent sentencing hearing, or at any other time in the trial court. Thus, this issue was not preserved for appellate review. *Id*.

This Court reviews "an unpreserved claim of constitutional error . . . for plain error affecting substantial rights." *People v Pipes*, 475 Mich 267, 274; 715 NW2d 290 (2006).

> Under the plain error rule, defendants must show that (1) error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected a

-1-

substantial right of the defendant. Generally, the third factor requires a showing of prejudice—that the error affected the outcome of the trial proceedings. Defendants bear the burden of persuasion. The failure to establish a plain error that affected a substantial right precludes a reviewing court from acting on such an error. However, even if defendants show plain error that affected a substantial right, reversal is only warranted when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings . . . . [*Id.* at 279 (quotation marks and citation omitted).]

Additionally, this Court reviews de novo the interpretation and application of court rules and statutes. *People v Howell*, 300 Mich App 638, 644; 834 NW2d 923 (2013). "If the plain and ordinary meaning of a court rule's language is clear, judicial construction is not necessary." *Id.* at 645.

Probation violation hearings are governed by statute and court rule. MCL 771.4 provides, in relevant part:

Hearings on the revocation shall be summary and informal and not subject to the rules of evidence or of pleadings applicable in criminal trials. In its probation order or by general rule, the court may provide for the apprehension, detention, and confinement of a probationer accused of violating a probation condition or conduct inconsistent with the public good. The method of hearing and presentation of charges are within the court's discretion, except that the probationer is entitled to a written copy of the charges constituting the claim that he or she violated probation and to a probation revocation hearing. The court may investigate and enter a disposition of the probationer as the court determines best serves the public interest. If a probation order is revoked, the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made.

MCR 6.445(E) provides:

(1) *Conduct of the Hearing.* The evidence against the probationer must be disclosed to the probationer. The probationer has the right to be present at the hearing, to present evidence, and to examine and cross-examine witnesses. The court may consider only evidence that is relevant to the violation alleged, but it need not apply the rules of evidence except those pertaining to privileges. The state has the burden of proving a violation by a preponderance of the evidence.

(2) *Judicial Findings.* At the conclusion of the hearing, the court must make findings in accordance with MCR 6.403.

This Court has stated that "a probationer has the right to a procedure consisting of (1) a factual determination that the probationer is in fact guilty of violating probation, and (2) a discretionary determination of whether the violation warrants revocation." *People v Pillar*, 233 Mich App 267, 269; 590 NW2d 622 (1998). Additionally, if a probationer is charged, tried, and

acquitted of new charges while on probation, a trial court may nonetheless revoke probation using the same underlying facts that were presented at trial. *People v McEntyre*, 127 Mich App 731, 732-733; 339 NW2d 538 (1983); *People v Buckner*, 103 Mich App 301, 303; 302 NW2d 848 (1980).

On September 22, 2016, Judge Kevin J. Cox sentenced defendant to two years' probation for possession of less than 25 grams of cocaine. While on probation, defendant was charged, tried, and acquitted of 19 new charges. Judge Cox presided over defendant's trial. After the trial concluded, Judge Cox held a hearing to address defendant's alleged probation violations. Judge Cox noted that "this case is slightly different from a probation revocation hearing, in that the [c]ourt did have an opportunity to preside over a lengthy trial, a jury trial, whereas in general, most revocation hearings are summary, and informal, without the benefit of many witnesses." Judge Cox then summarized his findings of facts. The essence of the findings was that defendant committed a drive-by shooting during which he fired his weapon multiple times at numerous individuals. Ultimately, Judge Cox determined by a preponderance of the evidence that defendant violated numerous criminal laws while on probation.

The trial court's actions did not comply with the plain language of MCR 6.445(E)(1) because defendant was not offered the opportunity to present evidence and examine or cross-examine witnesses at the probation revocation hearing. However, defendant had the opportunity to present evidence, examine witnesses, and cross-examine witnesses at his trial, over which Judge Cox presided. As such, while the trial court did plainly err when it failed to abide by MCR 6.445(E)(1), the trial court's actions did not affect defendant's substantial rights.

Defendant argues on appeal that the trial court violated his due process rights by failing to hold a probation revocation hearing that conformed to the requirements of MCR 6.445(E)(1); however, defendant's due process rights were not violated because the evidence the trial court relied upon was presented at a criminal trial. This is particularly true because "the quality and extensiveness of the procedures followed in a criminal trial are much greater than those followed in a probation violation hearing." *People v Johnson*, 191 Mich App 222, 226; 477 NW2d 426 (1991). Accordingly, the evidence that the trial court relied upon in order to revoke defendant's probation was presented in a proceeding where defendant had more due process protections than a probation revocation hearing. Therefore, the trial court's decision to rely upon evidence introduced at defendant's criminal trial, rather than evidence presented at a probation revocation hearing, did not prejudice defendant.

Next, defendant argues that the trial court abused its discretion when it upwardly departed from the sentencing guidelines range. We disagree.

The sentencing guidelines are advisory, but " '[s]entencing courts must . . . continue to consult the applicable guidelines range and take it into account when imposing a sentence . . . [and] justify the sentence imposed in order to facilitate appellate review.' " *People v Steanhouse*, 500 Mich 453, 470; 902 NW2d 327 (2017), quoting *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). This Court reviews whether the trial court's upward departure was reasonable under the abuse of discretion standard of review. *Steanhouse*, 500 Mich at 471. A trial court abuses its discretion if it violates the principle of proportionality. *Id*.

" 'A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness.' " *People v Carpenter*, 322 Mich App 523, 532; 912 NW2d 579 (2018), quoting *Lockridge*, 498 Mich at 392. When determining if a sentence is reasonable this Court must determine whether the trial court violated "the principle of proportionality[,] . . . which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 459-460 (quotation marks and citation omitted). Factors for determining whether a sentencing departure is proportionate include:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015) (citations omitted), aff'd in part, rev'd in part on other grounds 500 Mich 453 (2017).]

Defendant's sentencing guidelines range was 0 to 11 months' imprisonment. The trial court sentenced defendant to 30 months to 4 years' imprisonment. The court explained that defendant's conduct while he was on probation warranted an upward departure because of "the aggravated nature of the conduct, and the significant risk of injury, including death . . . ." Defendant's criminal conduct included discharging an assault rifle at several victims.

The sentencing guidelines for possession of a controlled substance do not consider the seriousness of the conduct at issue here. Possession of a controlled substance does not generally create a great risk of harm to an individual who is not in possession of that substance. Whereas shooting an assault rifle at numerous individuals creates a great risk of harm, including serious injury and death. Even though this conduct occurred while defendant was on probation, the trial court could still consider the conduct when sentencing defendant. Our Supreme Court has noted that "it is perfectly acceptable to consider postprobation factors in determining whether substantial and compelling reasons exist to warrant an upward departure from the legislative sentencing guidelines."[1] *People v Hendrick*, 472 Mich 555, 562-563; 697 NW2d 511 (2005).

---

[1] The *Lockridge* Court struck down the "substantial and compelling reason" requirement for a sentencing departure. *Lockridge*, 498 Mich at 364-365. Nonetheless, *Hendrick*'s holding is still relevant to the point that postprobation factors can be used in determining the reasonableness of a sentence. *Hendrick*, 472 Mich at 562-563.

Therefore, the trial court's upward departure was reasonable and proportionate under the circumstances of this case.

Affirmed.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto