PEOPLE v HOWELL

Docket No. 300405. Submitted April 10, 2013, at Lansing. Decided April
    25, 2013, at 9:00 a.m.

   Marlon J. Howell was charged in the Wayne Circuit Court in three
   separate cases for offenses that he committed while on parole: an
   arson, a home invasion, and an assault. Pursuant to a plea
   agreement, the court, Carole F. Youngblood, J., sentenced defen-
   dant to serve 8 to 20 years' imprisonment in the arson case and, in
   the assault case, 1 to 5 years each for disarming a police officer and
   for being a felon in possession of a firearm and 2 years for
   possessing a firearm during the commission of a felony. The
   charges in the home-invasion case were dismissed. The initial
   judgments of sentence did not address defendant's status as a
   parolee, but, after several amendments, the court ultimately
   indicated that the sentences for the crimes at issue were to run
   consecutively to the sentence from which defendant was on parole.
   Defendant moved the trial court for relief from judgment, arguing
   that the trial court had violated his constitutional right to due
   process by imposing consecutive sentences without a hearing and
   that it had failed to give him the benefit of his plea bargain, which
   he apparently understood to have entailed sentences that would
   run concurrently to the sentence from which he was on parole. The
   trial court denied the motion, and defendant filed a delayed
   application for leave to appeal, which the Court of Appeals denied.
   Defendant then appealed in the Michigan Supreme Court, which,
   in lieu of granting leave to appeal, remanded to the Court of
   Appeals for consideration, as on leave granted, of whether the trial
   court erred by amending the judgments of sentence to impose
   consecutive sentences in light of MCR 6.435.

        The Court of Appeals held:

        1. The trial court's failure to address defendant's parole status
   in the original judgments of sentence was a mistake arising from
   an omission under MCR 6.435(A), because the court was required
   to make defendant's new sentences run consecutively to the
   sentence for which he was on parole pursuant to MCL 768.7a(2)
   and was required but failed to so specify pursuant to MCL
   769.1h(1).

2. Defendant's plea agreement did not require the trial court to sentence him to serve concurrent sentences on all charges. The plea agreement indicated that the sentence in the assault case would be served concurrently with the sentence in the arson case and vice versa; it did not mention defendant's parole sentence or imply that either new sentence would be served concurrently with his parole sentence. Further, defendant's presentence investigation report indicated that he would be required to serve the new sentences consecutively to the sentence from which he was on parole, but he did not challenge the presentence investigation report on this ground at the sentencing hearing, and defense counsel indicated on the record that the defense sought no changes, corrections, or deletions with regard to the report.

3. Defendant was not entitled to a hearing before the trial court corrected his judgments of sentence under MCR 6.435(A) because the court rule did not require one and neither did defendant's right to due process, given that the court did not have discretion to sentence him any differently under MCL 768.7a(2). 491 Mich 919 (2012).

Affirmed.

1. SENTENCING — CRIMES COMMITTED WHILE ON PAROLE — CONSECUTIVE SENTENCES — CORRECTIONS TO JUDGMENTS OF SENTENCE — CLERICAL MISTAKES.

A sentencing court's failure to indicate on the judgment of sentence that the sentences imposed for crimes a defendant committed while on parole would run consecutively to the sentence from which the defendant was on parole pursuant to MCL 768.7a(2) is a clerical mistake that the court may correct under MCR 6.435(A).

2. SENTENCING — CRIMES COMMITTED WHILE ON PAROLE — CONSECUTIVE SENTENCES — CORRECTIONS TO JUDGMENTS OF SENTENCE — CLERICAL MISTAKES — HEARINGS.

A defendant is not entitled to a hearing before a sentencing court corrects a judgment of sentence under MCR 6.435(A) to indicate that the sentences imposed for crimes a defendant committed while on parole would run consecutively to the sentence from which the defendant was on parole (MCL 768.7a[2]).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training and Appeals, and *Ana Quiroz*, Assistant Prosecuting Attorney, for the people.

Marlon J. Howell *in propria persona*.

Before: OWENS, P.J., and WHITBECK and FORT HOOD, JJ.

PER CURIAM. Defendant, Marlon Jermell Howell, appeals as on leave granted[1] the trial court's order denying his motion for relief from judgment[2] after the trial court amended his judgments of sentence to indicate that he must serve his new sentences consecutively to a previous parole sentence, as required by law. We affirm.

### I. FACTS

#### A. THE SENTENCING AGREEMENTS

The prosecution charged Howell in three separate cases for offenses that he committed while he was on parole. For an arson that occurred on August 30, 2006, it charged Howell with six counts of assault with intent to commit murder, arson of a dwelling house, and felonious assault. For a home invasion that occurred on January 8, 2007, it charged Howell with first-degree home invasion, being a felon in possession of a firearm (felon-in-possession), and possessing a firearm during the commission of a felony (felony-firearm). And for an assault that occurred on January 15, 2007, it charged Howell with assault with intent to do great bodily harm less than murder, disarming a police officer, carrying a firearm in a vehicle, two counts of felon-in-possession, two counts of felony-firearm, and three counts of resisting or obstructing a police officer.

In the arson case, Howell agreed to plead guilty to arson of a dwelling house (1) if the prosecution agreed to dismiss the remaining charges in that case and

---

[1] *People v Howell*, 491 Mich 919 (2012).

[2] MCR 6.502.

dismiss the home-invasion case, and (2) if the trial court sentenced him to 8 to 20 years' imprisonment, to be served concurrently with the sentence in the assault case.

In the assault case, Howell agreed to plead guilty to attempted disarming a police officer, felon-in-possession, and felony-firearm (1) if the prosecution agreed to dismiss the remaining charges in that case and dismiss the home-invasion case, and (2) if the trial court sentenced him to serve terms of one to five years' imprisonment for the attempted-disarming and felon-in-possession charges, to be served concurrently with the arson case, and a consecutive term of two years' imprisonment for the felony-firearm charge.

Neither agreement addressed Howell's status as a parolee. Howell's presentence investigation report indicated that, because he was a parolee when he committed the offenses, he must serve the new sentences consecutively to the sentence from which he was on parole.

### B. THE SENTENCES AND AMENDMENTS

On September 21, 2007, Howell entered his pleas in the arson case and the assault case. On October 5, 2007, the trial court sentenced Howell to serve terms of (1) 8 to 20 years' imprisonment in the arson case; (2) one to five years' imprisonment for disarming a police officer and one to five years' imprisonment for felon-in-possession in the assault case, to be served concurrently with each other and to the arson case; and (3) two years' imprisonment for felony-firearm in the assault case, to be served consecutively to the other sentences.

The trial court's judgment of sentence in the arson case indicated that Howell would serve his sentence concurrently with his sentences in the assault case,

and did not give Howell any credit for jail time served. The trial court's judgment of sentence in the assault case checked the box indicating that Howell was to serve the sentences *consecutively* to each other, but also recommended that they be served *concurrently* with the file number corresponding to the assault case rather than the arson case. It also granted Howell 262 days' credit for time served. On October 11, 2007, Howell wrote the court to request that it also grant him 262 days' credit for time served on the arson case. The trial court denied his motion for jail credit on the basis that the law does not allow credit for time served to parole violators. ·

On November 9, 2007, the trial court amended the judgment of sentence in the assault case. The new judgment of sentence reflected that Howell was convicted of *attempted* disarming of a police officer, removed the indication that Howell was entitled to credit for time served, and, after the box checked "sentence(s) to be served consecutively to," stated "see recommendation." The court's recommendation clarified that Howell would serve the felony-firearm and attempted-disarming sentences consecutively, and that the sentences in the assault case were to run concurrently to those in the arson case.

Howell again wrote the court on August 19, 2009, requesting that the court correct his sentences in the assault case from consecutive to concurrent sentences. On September 14, 2009, the trial court again amended the judgment of sentence in the assault case, removing the word "attempted" and clarifying that the felony-firearm and disarming sentences were consecutive to each other *and* to the arson case. The judgment of sentence again failed to mention Howell's status as a parolee.

On October 21, 2009, the trial court amended the judgment of sentence in the assault case a third time to again add the word "attempted," and to indicate that Howell's sentence was "consecutive to parole." The term "consecutive to parole" typically refers to MCL 768.7a(2), which provides that a person must serve the remainder of the term of imprisonment for their previous offense before serving time for a new offense if he or she commits a felony while on parole.[3]

On October 22, 2009, the trial court amended the judgment of sentence in the arson case to add that Howell's sentence was "consecutive to parole."

### C. HOWELL'S MOTION FOR RESENTENCING

On March 5, 2010, Howell moved the trial court for relief from judgment and requested resentencing. Howell contended that the trial court violated his constitutional right to due process by imposing consecutive sentences without affording him the opportunity to be heard and represented by counsel, that it failed to give him the benefit of his plea bargain, and that it improperly eliminated his jail credit.

The trial court issued a written opinion and order. The trial court declined to revisit its October 2007 decision concerning Howell's jail credit. The trial court indicated that it amended Howell's sentence to correct a typographical error, to reflect the plea agreement by adding "attempt" to the charge of disarming a police officer, and "to run these files consecutive to the defendant's parole sentences according to Michigan law." The trial court opined that Howell misunderstood the judgment of sentence because it reflected the plea agreements—that is, the arson sentence was concur-

---

[3] See *People v Holder*, 483 Mich 168, 172 n 7; 767 NW2d 423 (2009).

rent with the assault case's sentences for felon-in-possession and disarming, and consecutive to the felony-firearm sentence. It further noted that "[t]he court's later amendment to the judgments ran both of [Howell's] files consecutive to his parole sentences as the law requires. [Howell], as a fourth habitual offender no doubt was informed that as a parolee any subsequent offenses would be served consecutive to his parole sentences." The trial court therefore denied Howell's motion for relief from judgment.

Howell filed a delayed application for leave to appeal in this Court, which we denied.[4] Howell sought leave to appeal in the Michigan Supreme Court. In lieu of granting leave to appeal, our Supreme Court remanded to this Court "for consideration, as on leave granted, of the issue whether the trial court erred in amending the judgments of sentence to impose consecutive sentences," and directing us to consider MCR 6.435, the Michigan court rule concerning a trial court's correction of error in a criminal judgment of sentence.[5]

## II. CORRECTION OF ERROR ON A JUDGMENT OF SENTENCE

### A. STANDARD OF REVIEW

This Court reviews de novo questions of law, including the interpretation and application of our court rules.[6] "[W]e interpret court rules using the 'same principles that govern the interpretation of statutes.' "[7]

---

[4] *People v Howell*, unpublished order of the Court of Appeals, entered August 16, 2011 (Docket No. 300405).

[5] *Howell*, 491 Mich at 919.

[6] *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012).

[7] *People v Buie*, 491 Mich 294, 304; 817 NW2d 33 (2012), quoting *Ligons v Crittenton Hosp*, 490 Mich 61, 70; 803 NW2d 271 (2011).

If the plain and ordinary meaning of a court rule's language is clear, judicial construction is not necessary.[8]

## B. CORRECTION OF ERROR UNDER MCR 6.435

We conclude that the trial court appropriately modified Howell's judgments of sentence to correct an omission, and that neither our court rules nor standards of constitutional due process required it to give him a hearing before doing so.

"[C]orrections or modifications to a judgment of sentence must comply with the relevant statutes and court rules."[9] MCR 6.435 indicates when and how the trial court may correct an error in a criminal judgment of sentence:

> (A) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it.
>
> (B) Substantive Mistakes. After giving the parties an opportunity to be heard, and provided it has not yet entered judgment in the case, the court may reconsider and modify, correct, or rescind any order it concludes was erroneous.

Under this court rule, the trial court may not modify a judgment of sentence that contains a substantive mistake after it has entered the judgment of sentence.[10] However, the trial court may correct "[c]lerical mistakes in judgments . . . and errors arising from oversight or omission . . . at any time[.]"[11] Thus, this case

---

[8] See *People v Breidenbach*, 489 Mich 1, 8; 798 NW2d 738 (2011).

[9] *People v Holder*, 483 Mich at 176.

[10] *Id.* at 177; MCR 6.435(B).

[11] MCR 6.435(A).

hinges on whether the trial court's modification impos-
ing Howell's new sentences consecutive to his parole
sentence fell under MCR 6.435(A), in which case the
trial court could correct the errors, or under MCR
6.435(B), in which case it could not.

### 1. THE AMENDMENT RELATING HOWELL'S NEW SENTENCES TO HIS PAROLE SENTENCE

We conclude that the trial court's failure to address
Howell's parole status in the original judgments of
sentence was a mistake arising from an omission
under MCR 6.435(A), because the trial court was
required to specify that Howell's new sentences were
to be served consecutively with the sentence from
which he was on parole, but it entirely failed to do so.

MCR 6.435(A) indicates that the trial court may
correct "errors arising from oversight or omission[.]"
When interpreting a court rule, we generally give
words their plain and ordinary meanings.[12] Because
our court rules do not define what an "omission" is,
we will consider a dictionary definition to assist our
interpretation.[13] *Random House Webster's College Dic-
tionary* defines "omission" as "the act of omitting . . .
[or] something left out, not done, or neglected,"[14] and
defines "omit" as "to leave out; fail to include."[15]

MCL 769.1h(1) requires the trial court to specify
whether a defendant's sentence is concurrent with or
consecutive to any other sentence that the defendant
is, or will be, serving. MCL 768.7a(2) provides that

---

[12] *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999).

[13] See *id.*

[14] *Random House Webster's College Dictionary* (1997).

[15] *Id.*

> [i]f a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole . . . , the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment for the previous offense.

Thus, "consecutive sentencing is mandatory when someone commits a crime while on parole."[16]

Here, the trial court failed to specify whether Howell's sentences were concurrent with or consecutive to his parole sentence at both the sentencing hearing and in its first judgments of sentence. But our Legislature requires the trial court to both indicate whether any new sentences are consecutive to or concurrent with an existing sentence, and to make any new sentence consecutive to an existing parole sentence if the defendant committed the new offense while on parole. The trial court recognized on the record at the sentencing hearing that Howell was on parole, and Howell's presentence investigation report indicated that Howell's new sentences were to run consecutively to his parole sentence. Thus, the trial court's failure to address whether Howell's new sentences were consecutive to or concurrent with his parole sentence was an omission—something that the trial court "left out" or "failed to include" in its original judgment of sentence.

Further, our conclusion is consistent with the staff comment to MCR 6.435(B), which suggests that a substantive mistake is one based on the trial court's mistake of facts or law.[17] We recognize that a staff

---

[16] *People v Chavies*, 234 Mich App 274, 280; 593 NW2d 655 (1999), overruled in part on other grounds *People v Williams*, 475 Mich 245, 254-255; 716 NW2d 208 (2006).

[17] MCR 6.435, 1989 staff comment.

comment is not binding authority.[18] But we consider the
staff comment persuasive in this case because it is
consistent with the plain language of MCR 6.435(B),
which provides that "the court may *reconsider and
modify, correct, or rescind* any order it concludes was
erroneous." Here, the trial court did not reconsider or
correct any previous action. Nor was the trial court
operating under the mistaken belief that Howell was
not actually on parole. As noted above, the presentence
investigation report clearly mentioned Howell's parolee
status, and the trial court recognized his status as a
parolee at the sentencing hearing.

We conclude that our court rules allowed the trial
court to amend Howell's judgments of sentence to
reflect that he was to serve his new sentences consecu-
tively to the sentence from which he was on parole at
the time he committed the new offenses. The trial
court's mistake was an omission within the meaning of
MCR 6.425(A), not a reconsideration within the mean-
ing of MCR 6.425(B).

### 2. THE PLEA AGREEMENT

Howell asserts that because his plea agreement spe-
cifically mentioned concurrent sentences, the trial
court was required to sentence him to serve concurrent
sentences on *all* charges. If this were true, it may have
affected whether the trial court impermissibly modified
the judgments of sentence to correct a mistake of fact.
However, we disagree with Howell's reading of his plea
agreement.

The plea agreement for the assault clearly indicates
that his sentence would be "served concurrent w/ case
no. 07-14033 [the arson case]"; it does not mention

---

[18] See *People v Petit*, 466 Mich 624, 632 n 9; 648 NW2d 193 (2002).

Howell's parole sentence. Similarly, the plea agreement for the arson case indicates that its "term [is] concurrent w/ case no. 07-11139 [the assault case]." The agreement refers only to Howell's new sentences; it does not even *imply* that Howell would serve either sentence concurrently with *his parole sentence*. Further, Howell's presentence investigation report indicated that, because he was a parolee when he committed the new offenses, he must serve the new sentences consecutively to the sentence from which he was on parole. Howell did not challenge the presentence investigation report on this ground at the sentencing hearing. Howell's counsel indicated on the record that "we have had a[n] opportunity to go over the presentence report . . . . No changes, corrections or deletions."

### C. ENTITLEMENT TO NOTICE AND A HEARING

We conclude that the court rule did not require the trial court to give Howell a hearing before correcting his judgments of sentence. The plain language of MCR 6.435(A) is that the trial court may correct clerical mistakes and omissions "at any time on its own initiative or on motion of a party, and after notice if the court orders it." There is no mention of a hearing in MCR 6.435(A). We will not add language to an unambiguous court rule.[19] Because MCR 6.435(A) does not require the trial court to give the defendant a hearing before correcting a clerical error, we conclude that the trial court did not err when it denied Howell's request for a hearing.

Further, we conclude that a defendant's rights to due process do not require the trial court to give a defendant a hearing before correcting a clerical error under

---

[19] See *Petit*, 466 Mich at 633.

MCR 6.435(A). Generally, a person's rights of due process include the " 'right to reasonable notice of a charge against him, and an opportunity to be heard in his defense . . . .' "[20] A defendant's due process rights must be satisfied before the trial court may correct a sentence.[21]

But this Court has held in several different contexts that, when the trial court corrects a mistaken sentence and it does not have discretion to sentence a defendant any differently, the defendant is not entitled to a hearing. In the context of MCR 6.429, which allows the trial court to modify an invalid sentence, this Court has concluded that even when the trial court was not aware at the time of sentencing that it was required to sentence a defendant to consecutive terms of imprisonment, the trial court was not required to resentence the defendant to correct the error because the trial court would not have been able to sentence the defendant any differently.[22] And in the context of statutory maximum sentences, where the trial court also lacks discretion, the trial court is not required by precepts of due process to give a defendant a hearing before correcting a mistaken maximum sentence.[23] We see no reason to distinguish those cases from this case.

MCL 768.7a(2) requires the trial court to make Howell's sentences consecutive to the sentences for which he was already on parole. The trial court does not have the discretion to impose any other sentence than that contained in the judgments of sentence as amended. Thus, we conclude that precepts of due pro-

---

[20] *People v McGee*, 258 Mich App 683, 699; 672 NW2d 191 (2003), quoting *In re Oliver*, 333 US 257, 273; 68 S Ct 499; 92 L Ed 2d 682 (1948).

[21] *People v Harris*, 224 Mich App 597, 601; 569 NW2d 525 (1997).

[22] *People v Kaczorowski*, 190 Mich App 165, 174; 475 NW2d 861 (1991).

[23] *In re Pardee*, 327 Mich 13, 17-18; 41 NW2d 466 (1950).

cess did not entitle Howell to a hearing before the trial court corrected his judgments of sentence.

We affirm.

OWENS, P.J., and WHITBECK and FORT HOOD, JJ., concurred.