# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RENARD LYNUM,

        Defendant-Appellant.

UNPUBLISHED
September 22, 2015

No. 321394
Wayne Circuit Court
LC No. 13-001229-FC

Before: GADOLA, P.J., and JANSEN and BECKERING, JJ.

PER CURIAM.

Defendant, Renard Lynum, appeals by leave granted[1] his no-contest plea to felonious assault, MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm) (second offense), MCL 750.227b. The trial court sentenced defendant to 90 days in jail for the felonious assault conviction and five years' imprisonment for the felony-firearm conviction, with 77 days of jail credit applied to each sentence. The trial court ordered defendant's sentences to be served concurrently. Defendant appeals the trial court's denial of his motion to withdraw his plea. We affirm defendant's convictions but remand for amendment of the judgment of sentence.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises from defendant's December 2012 assault of a 17-year old girl, KD. Defendant invited KD to his friend "D-money's" apartment, and defendant and KD drank alcohol, smoked marijuana and crack cocaine, and had sex throughout the day. The couple fell asleep at some point, but defendant woke around midnight to discover that he was missing an indeterminate amount of money. Defendant threatened to shoot KD and several other people in the apartment if the money was not returned. D-money took a shotgun from a closet in the apartment and gave it to defendant, and defendant told everyone to go outside.

---

[1] *People v Lynum*, unpublished order of the Court of Appeals, entered August 29, 2014 (Docket No. 321394).

Once outside, defendant pointed the gun at KD's face and gave her one more chance to tell him where the money was. When she told him that she did not know, defendant pulled the trigger. The gun failed to go off, however, and KD tried to run. Defendant grabbed her and threw her down onto the street. He then began beating her with the gun, hitting her repeatedly in the face, arms, and legs. Eventually, D-money pushed defendant off of KD, and she was able to flee into a nearby apartment, where her friend called the police. Detroit Police officers arrested defendant a short time later.

Defendant was charged with five counts, being assault with intent to murder, assault with intent to do great bodily harm less than murder, felonious assault, felon-in-possession, and felony-firearm. He ultimately accepted a plea offer that would allow him to plead no contest to felony-firearm, second offense, and felonious assault in exchange for dismissal of the other charges. The parties also entered into a sentencing agreement in which defendant would serve five years in prison for the felony-firearm offense and 90 days in jail for the felonious assault.

At defendant's sentencing in May, 2013, the prosecutor and defendant agreed to all aspects of the guidelines scoring and that defendant was entitled to 77 days of jail credit. The prosecutor asked that "given the credit for time served on the jail sentence, that those additional[2] run concurrent to his five years in the Michigan Department of Corrections." Defense counsel did not object. The trial court ordered defendant to serve five years' imprisonment for the felony firearm offense, to run concurrently with a 90-day jail term for the felonious assault offense, with 77 days jail credit.

In January, 2014, defendant moved to withdraw his plea on the grounds that MCL 750.227b(2) proscribes concurrent sentencing in felony firearm cases, and thus, his sentence was "illegal." Defense counsel contended that the proper remedy for an illegal sentence is plea withdrawal. His counsel claimed that because defendant was not advised at the time of his plea that his sentences must run consecutively, he was unable to understand the full consequences of his plea, also warranting plea withdrawal. Defense counsel argued that such remedy is supported by *People v Brown*[3], wherein our Supreme Court held that the failure to inform a defendant of his maximum sentence as an habitual offender violates MCR 6.302(B). The prosecutor argued that caselaw did not support defendant's claim that he should have been apprised of the consecutive sentencing implications at the time of his plea; rather, she contended that "the error occurred at sentencing," and that the proper remedy "is simply re-sentencing." The trial court agreed with the prosecutor in concluding that a trial court "is not required to advise defendant of the consecutive sentencing consequences of his plea." After a brief break in the proceedings, wherein the parties were given an opportunity to look into the potentiality of resentencing, the prosecutor stated that "we do agree with defense's position that re-sentencing is not appropriate here," to which defense counsel stated, "[a]nd obviously, we don't object to that. So I, I do have an order for the Court just saying that the motion for plea withdrawal is denied . . . period, and I

---

[2] Presumably, the prosecutor's reference to "those additional" pertained to defendant's remaining 13 days of his 90-day jail sentence.

[3] *People v Brown*, 492 Mich 684, 692-693; 822 NW2d 208 (2012).

think that should be the end of it." The trial court entered the order on January 24, 2014, indicating that defendant's motion to withdraw was denied for the reasons stated on the record. But, contrary to defense counsel's wishes, that was not the end of it.

On March 13, 2014 the trial court heard the prosecution's motion for reconsideration. The prosecutor did not take issue with the trial court's January 24, 2014 order to the extent that it denied the defendant's motion to withdraw his plea; rather, the prosecution sought to correct defendant's invalid concurrent sentence, despite conceding that the "the parties stipulated that the judgment could not be corrected." The trial court noted that if the prosecutor wished to go forward with its motion, the court would simply grant defendant's motion to withdraw the plea because the parties had all agreed to the invalid sentence at the time it was entered. The trial court noted, "[t]here were mistakes made by the Court, there were mistakes made by the prosecution, there were mistakes made by the defense . . ." "[a]nd I think the only proper thing to do with regard to this is to allow the defendant to withdraw his plea." The court orally ruled that it was allowing defendant to withdraw his plea and ordered that a pretrial conference be scheduled.

On March 28, 2014, the trial court held a hearing in which it reconsidered its decision to allow defendant to withdraw his plea, which was not a matter that had been brought before the court at the March 13, 2014 hearing. Noting that caselaw supported the court's original conclusion that it was not required to advise defendant of the consecutive sentencing consequences of his plea, the court allowed the parties an opportunity to respond, and the same arguments were made as those raised at the time of defendant's motion to withdraw his plea. The trial court then entertained the prosecution's motion for reconsideration, which was essentially a motion to correct the invalid sentence. The prosecution argued that MCR 6.429(A) allows an invalid sentence to be corrected at any time, whether the error was substantive or clerical. Although the prosecutor admitted that sentencing was "messy," she contended that the court "has no discretion to impose concurrent [sentences] even if the People errored [sic] in this regard. The sentence is illegal, it's invalid and thus it's correctable."

The prosecutor contended that the court could resentence defendant for two reasons: (1) the original sentence was invalid and could be corrected by the trial court *sua sponte* at any time under MCR 6.429, and (2) the sentence was merely a clerical error that the court could correct under MCR 6.435. For his part, defense counsel presented two contrary arguments: (1) the trial court had the power to resentence defendant, but it had erred in failing to advise him of the true maximum penalty he was facing, and (2) the court could not correct its own substantive error under MCR 6.435, and too much time had elapsed for the court to correct the sentence under MCR 6.429. Noting that MCR 6.429(B) set time limits for a trial court to set aside even an invalid sentence, the judge denied the prosecution's motion on that ground. Furthermore, the judge classified the court's error as substantive and also denied the prosecution's motion under MCR 6.435 because judgment had already been entered. In sum, the result of the hearing was that the trial court denied both defendant's motion for plea withdrawal as well as the prosecution's motion for reconsideration.

## II. ANALYSIS

On appeal, defendant contends that the trial court erred by failing to advise him during plea proceedings that he faced mandatory consecutive sentences for felonious assault and felony-firearm, and that as a result of the court's error, his subsequent plea was involuntary and unknowing. We disagree.

We review for an abuse of discretion a trial court's decision on a motion to withdraw a plea. *People v Martinez*, 307 Mich App 641, 646; 861 NW2d 905 (2014). "An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes." *Id*. (citation and quotation marks omitted). We review de novo underlying questions of law and review for clear error a trial court's factual findings. *Id*. at 646-647. Additionally, we review de novo the interpretation and application of court rules. *People v Howell*, 300 Mich App 638, 644; 834 NW2d 923 (2013).

A defendant who pleads no contest admits "all the essential elements of a charged offense[.]" *People v Patmore*, 264 Mich App 139, 149; 693 NW2d 385 (2004). Thus, a defendant's no-contest plea "is tantamount to an admission of guilt for the purposes of the criminal case." *Id*. "There is no absolute right to withdraw a guilty plea once the trial court has accepted it." *Id*. In order to withdraw a plea after sentencing, a defendant must comply with MCR 6.310(C) and "demonstrate a defect in the plea-taking process." MCR 6.310(C); *People v Brown*, 492 Mich 684, 692-693; 822 NW2d 208 (2012).

An important focus of a plea proceeding "is to ensure that any defendant who has entered into a sentencing agreement has made a knowing, understanding, and informed plea decision." *Brown*, 492 Mich at 693 (citation and quotation marks omitted). Failure to inform a defendant of the consequences of a plea constitutes a defect in the plea-taking process because the resulting plea is not an understanding plea. *Id*. at 694. Furthermore, MCR 6.302(B) provides that, in order to establish an understanding plea, a trial court must inform a defendant of "the maximum possible prison sentence for the offense and any mandatory minimum sentence as required by law[.]" A trial court's "failure to advise a defendant of the maximum possible prison sentence before taking a guilty plea constitutes an error requiring reversal." *Brown*, 492 Mich at 695. Our Michigan Supreme Court, however, has explicitly held that a trial court is not required to offer a defendant "advice as to . . . potential sentence consequences such as consecutive sentencing[,]" *People v Johnson*, 413 Mich 487, 490; 320 NW2d 876 (1982)[4], and that a trial court "need not inform the defendant of *all* sentence consequences[,]" *People v Jahner*, 433 Mich 490, 502; 446 NW2d 151 (1989) (emphasis added). Indeed, a trial court must make the defendant aware of the direct consequences of a plea, but need not inform the defendant of the collateral consequences of the plea. *People v Cole*, 491 Mich 325, 333; 817 NW2d 497 (2012). Whether one sentence runs consecutively to another sentence has been found to be a collateral, not direct, consequence

---

[4] We note that *Johnson* analyzed the issue of a defendant's understanding plea in the context of GCR 1963, 785.7, a substantially similar precursor to MCR 6.302(B). See GCR 1963, 785.7(1)(b) (directing a trial court to inform a defendant of "the maximum possible prison sentence for the offense" in order to establish an understanding plea); MCR 6.302(B)(2).

of a plea, and therefore a court's failure to inform a defendant whether his sentences are consecutive does not render the plea unknowing or involuntary. See, e.g., *People v Fonville*, 291 Mich App 363, 385; 804 NW2d 878 (2011); *United States v Ferguson*, 918 F2d 627, 630 (CA 6, 1990).[5]

Defense counsel placed great stock in the Michigan Supreme Court's holding in *Brown*, arguing during the March 28, 2014 motion hearing that "*Brown* supersedes, overrules the cases that the [c]ourt has just cited[,]" after the trial judge cited caselaw holding that a court need not inform a defendant of mandatory consecutive sentences during a plea proceeding. Upon questioning by the court, defense counsel acknowledged that the Michigan Supreme Court had not indicated its express intent to overrule the caselaw that the trial court provided. We decline defendant's invitation to extend our Michigan Supreme Court's narrow holding in *Brown*—that a trial court must apprise a defendant of the potential maximum penalty under the applicable habitual offender statutes—to situations in which a defendant is subject to mandatory consecutive sentences. See *Brown*, 492 Mich at 694. Such an extension is unwarranted given the holding in *Brown*, the binding precedent established by *Johnson*, 413 Mich at 490, and *Jahner*, 433 Mich at 502, the absence of an expressed intent to the contrary from our Michigan Supreme Court on the issue, and by caselaw declaring that the possibility of consecutive sentencing is a collateral consequence of which the defendant need not be advised in order to ensure that his plea comports with due process, see, e.g., *Ferguson*, 918 F2d at 630. Accordingly, we discern no defect at the plea proceedings. The trial court, therefore, did not abuse its discretion in ultimately denying defendant's motion for plea withdrawal. See *Brown*, 492 Mich at 692-693; *Martinez*, 307 Mich App at 646.

With regard to his admittedly invalid sentence, which is concurrent rather than consecutive as required by law, defendant contends that the trial court lacked the authority to correct it because it erred during the plea proceeding and because the applicable time for the court to correct its own substantive mistake had passed. "This Court reviews de novo questions of law, including the interpretation and application of our court rules." *Howell*, 300 Mich App at 644. We interpret court rules using principles of statutory interpretation. *Id*. "If the plain and ordinary meaning of a court rule's language is clear, judicial construction is not necessary." *Id*. at 645. We also review de novo the issue of whether a trial court had the authority to modify a defendant's sentence. *People v Harris*, 224 Mich App 597, 599; 569 NW2d 525 (1997).

MCR 6.435(A) provides that a trial court may correct "[c]lerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission" at any time, either *sua sponte* or upon a party's motion. MCR 6.435(B), meanwhile, confers upon a trial court the authority to "reconsider and modify, correct, or rescind" any order that it concludes was due to a substantive mistake, so long as the court has not yet entered judgment in the case, and "[a]fter giving the parties an opportunity to be heard." A substantive mistake is generally understood as a mistake based on a court's mistake of facts or the law. *People v Howell*, 300

---

[5] While decisions from lower federal courts are not binding, we may look to them as persuasive authority. *People v Jackson*, 292 Mich App 583, 595 n 3; 808 NW2d 541 (2011).

Mich App 638, 647; 834 NW2d 923 (2013). In addition, MCR 6.429(A) gives the trial court authority to *sua sponte* correct an invalid sentence. See *Harris*, 224 Mich App at 601.

In this case, the trial judge erred in imposing concurrent sentences because MCL 750.227b(3) expressly provides that a sentence for felony-firearm must be served "consecutively with and preceding" any term of imprisonment for the underlying felony. "A sentence is invalid when it is beyond statutory limits, when it is based upon constitutionally impermissible grounds, improper assumptions of guilt, a misconception of law, or when it conforms to local sentencing policy rather than individualized facts." *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997).

The error in imposing concurrent sentences was a substantive one, and the court, perhaps due to the confusion caused by the questioned validity of the plea-taking process, did not exercise its authority under MCR 6.429 to correct defendant's invalid sentence. See *Howell*, 300 Mich App at 647. Defendant's sentence, however, remains invalid. Although defendant understandably does not request correction of the sentence (just plea withdrawal, to which he is not entitled), and the prosecution did not file a cross-appeal, we exercise our discretion under MCR 7.216(A)(7) to order the proper remedy to this situation. We remand to the trial court to amend the judgment of sentence so that defendant's sentences run consecutively.[6] The trial court is to amend the judgment to reflect a sentence of five years' imprisonment, with 77 days jail credit, for defendant's felony-firearm conviction, second offense, and 90 days in jail, to be served consecutively, for his felonious assault conviction.

Affirmed in part and remanded for amendment of the judgment of sentence. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Kathleen Jansen
/s/ Jane M. Beckering

---

[6] Notably, defendant was not told at the time of his plea that his sentences would be concurrent, so he was not misled regarding the collateral repercussions of his plea. Because MCL 750.227b required the trial judge to sentence defendant consecutively and granted the court no sentencing discretion, the court could have corrected the sentence without a formal resentencing or a hearing. See MCL 750.227b(1) and (3); *Howell*, 300 Mich App at 650.