# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DAVID HENRY JOHNSON,

Defendant-Appellant.

UNPUBLISHED
January 4, 2018

No. 334145
Tuscola Circuit Court
LC No. 13-012673-FH

Before: CAMERON, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

In August 2013, a jury convicted defendant of operating or maintaining a laboratory involving hazardous waste, second or subsequent offense, MCL 333.7401c(2)(c) and MCL 333.7413(2)[1], operating or maintaining a laboratory involving methamphetamine, second or subsequent offense, MCL 333.7401c(2)(f) and MCL 333.7413(2), delivery or manufacture of methamphetamine, second or subsequent offense, MCL 333.7401(2)(b)(*i*) and MCL 333.7413(2), and possession of methamphetamine, second or subsequent offense, MCL 333.7403(2)(b)(*i*) and MCL 333.7413(2). The trial court sentenced defendant to prison terms of 10 to 20 years for operating or maintaining a laboratory involving methamphetamine and delivery or manufacture of methamphetamine, and 2 to 10 years for possession of methamphetamine. Defendant's sentences were to be served concurrently, but consecutively to any underlying parole sentence.

Defendant appealed his convictions and sentences, and this Court affirmed. *People v Johnson*, unpublished opinion per curiam of the Court of Appeals, issued March 12, 2015 (Docket No. 318833). In lieu of granting leave to appeal, our Supreme Court reversed in part this Court's judgment and remanded the case to the trial court "to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 [870 NW2d 502] (2015)." *People v Johnson*, 499 Mich 851 (2016). The Court denied leave in all other respects "because we are not persuaded that the

---

[1] Pursuant to the prosecutor's motion made after the conviction, but before sentencing, the trial court entered an order of nolle prosequi as to the count of operating or maintaining a laboratory involving hazardous waste.

remaining questions presented should be reviewed by this Court." *Id*. at 852. On remand, the trial court conducted a *Crosby*[2] hearing and resentenced defendant to the same sentences. Defendant now appeals as of right from the resentencing. We affirm.

## I. SENTENCING CHALLENGES

Defendant first argues that the trial court, at resentencing, imposed unreasonable sentences of 10 to 20 years for the operating or maintaining a methamphetamine lab and delivery or manufacture of methamphetamine convictions. We disagree.

The interpretation or application of sentencing guidelines statutes presents a question of law that is reviewed de novo. *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017).

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Lockridge*, 498 Mich at 392. In *Steanhouse*, the Michigan Supreme Court "affirm[ed] the Court of Appeals' holding in *People v Steanhouse*, 313 Mich App 1; 880 NW2d 297 (2015), that the proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990)." *Steanhouse*, 500 Mich at 459-460.

However, in *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016), this Court noted that "*Lockridge* did not alter or diminish MCL 769.34(10)," which provides in relevant part:

(10) If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.

The sentencing guidelines range for operating or maintaining a laboratory involving methamphetamine and delivery or manufacture of methamphetamine was 78 to 130 months each. The trial court sentenced defendant to a minimum 120 months' imprisonment for each conviction, well within the range. Because defendant's minimum sentences fell within the guidelines' range, the reasonableness review by *Lockridge* is not applicable. Further, this Court previously held that there was no error in scoring the guidelines, and the trial court did not rely on inaccurate information in determining his sentence. While defendant argues that this Court should conclude that the first sentence of MCL 769.34(10) is no longer valid because the sentencing guidelines are now advisory, this assertion is directly contrary to the holding in *Schrauben* that the *Lockridge* decision did not alter or diminish MCL 769.34(10). Accordingly,

---

[2] *United States v Crosby*, 397 F3d 103 (CA 2 2005).

this Court must affirm defendant's sentence in accordance with MCL 769.34(10). *Schrauben*, 314 Mich App at 196.

Next, defendant argues that offense variable (OV) 14 was improperly scored because there was no evidence that he was the leader in a multiple-offender situation. We disagree.

This Court addressed this argument in defendant's prior appeal, finding that there was sufficient evidence on the record to support scoring OV 14 at ten points. See *Johnson*, unpub op at 9-10. Thus, the law of the case doctrine bars this argument. "The law of the case doctrine provides that a ruling by an appellate court with regard to a particular issue binds the appellate court and all lower tribunals with respect to that issue, but only if the facts remain materially the same." *Brownlow v McCall Enterprises, Inc*, 315 Mich App 103, 110; 888 NW2d 295 (2016) (quotation marks omitted). See also *People v Herrera (On Remand)*, 204 Mich App 333, 340; 514 NW2d 543 (1994) (the law of the case doctrine "provides that an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case.") Even though defense counsel challenged the scoring of OV 14 on remand, the trial court was bound by this Court's holding with respect to the score. We are likewise bound to follow our previous holding.

In addition, our Supreme Court remanded the matter to the trial court for the sole purpose of following the procedure set forth in Part IV of the *Lockridge* decision:

> On order of the Court, the application for leave to appeal the March 12, 2015 judgment of the Court of Appeals is considered, and pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE, in part, the judgment of the Court of Appeals, and we REMAND this case to the Tuscola Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in [*Lockridge*]. On remand, the trial court shall follow the procedure described in Part IV of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court. [*Johnson*, 499 Mich at 851-852.]

The remand order did not permit the trial court to entertain another objection to the scoring of OV 14 or otherwise reverse this aspect of this Court's opinion. Accordingly, the trial court did not err in declining to change the score as requested by defendant on remand.

## II. STANDARD 4 BRIEF

Defendant also filed a Standard 4 brief in which he raises additional issues involving the ineffective assistance of counsel, right of confrontation, and a challenge to the amended "Re-Sentence" judgment of sentence. The law is clear that an appeal by right following a remand is limited to issues arising from the remand. *People v Jones*, 394 Mich 434, 435-436; 231 NW2d

649 (1975). Because the scope of the current appeal is limited to matters that arose at resentencing, we will only address the challenge to the entry of the amended "Re-Sentence" judgment of sentence because it occurred from the trial court's resentencing. The remaining issues raised in the Standard 4 brief are outside the scope of this appeal.

Defendant asserts that the trial court amended "an otherwise legal/controlling sentence that ran the Defendant's B prefix convictions concurrent with his A prefix convictions" without the filing of a motion or notice to him. Stated differently, the trial court did not specify on the judgment that defendant's drug-related sentences would run consecutive to any parole sentence, and it improperly amended the judgment and corrected the error without the filing of a motion or notice to defendant. We disagree.

This issue is not preserved because defendant failed to file a motion in the trial court or in this Court challenging the trial court's amendment. See *People v Clark*, 315 Mich App 219, 223-224; 888 NW2d 309 (2016). In any event, the trial court indicated both at the original sentencing and at resentencing that defendant's sentences were to run consecutively to any parole sentence. The "Re-Sentence" judgment of sentence omitted this aspect of the trial court's resentencing. Contrary to defendant's argument, the trial court properly corrected this oversight by entry of an amended "Re-Sentence" judgment of sentence. See *People v Howell*, 300 Mich App 638, 647-648; 834 NW2d 923 (2013) (concluding that the trial court properly amended the judgment of sentence and remedied its clerical mistake pursuant to MCR 6.435(A)).

Affirmed.


/s/ Thomas C. Cameron
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher

-4-