# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

and

ATTORNEY GENERAL,

       Intervening Appellee,

v

CORTEZ ROLAND DAVIS,

       Defendant-Appellant.

UNPUBLISHED
November 6, 2018

No. 338658
Wayne Circuit Court
LC No. 94-002089-01-FC

Before: SWARTZLE, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his resentencing, under MCL 769.25a, to 25 to 60 years' imprisonment for his 1994 conviction of first-degree murder, MCL 750.316, which the trial court ordered to run consecutive to his sentence for carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We affirm defendant's sentences. Defendant also challenges the application of MCL 769.25a(6) to his sentencing, arguing that the provision unconstitutionally deprives him of the application of earned disciplinary credits to his sentence. This Court recently addressed this issue in *People v Wiley*, ___ Mich App ___; ___ NW2d ___ (2018) (Docket No. 336898), and held that MCL 769.25a(6) was unconstitutional. Because we are bound by *Wiley* under MCR 7.215(J)(1), we conclude that MCL 769.25a(6) may not be used to prevent defendant from having his disciplinary credits deducted from his minimum and maximum sentences to determine parole eligibility.

In 1994, the sentencing court sentenced defendant—who, at the time, was a juvenile—as an adult to 10 to 40 years' imprisonment for defendant's first-degree murder conviction. The prosecution appealed that sentence, and this Court peremptorily reversed and remanded for

-1-

resentencing.[1]  On remand, the trial court resentenced defendant to mandatory life in prison without the possibility of parole.

Some years after defendant's resentencing, the United States Supreme Court in *Miller v Alabama*, 567 US 460, 489; 132 S Ct 2455; 183 L Ed 2d 407 (2012), declared that mandatory-sentencing schemes that required "children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes" violated "the Eighth Amendment's ban on cruel and unusual punishment."  Following *Miller*, our Legislature enacted MCL 769.25, "which set forth the procedure for resentencing criminal defendants who fit *Miller*'s criteria, provided either that their case was still pending in the trial court or that the applicable time periods for appellate review had not elapsed." *Wiley*, ___ Mich App at ___; slip op at 3.  "[I]n anticipation of the possibility that *Miller* might be determined to apply retroactively, our Legislature simultaneously enacted MCL 769.25a, which set forth the procedure, in that event, for the resentencing of defendants who fit *Miller*'s criteria, even if their cases were final." *Id*. at ___; slip op at 3.

In *Montgomery v Louisiana*, ___ US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016), the United States Supreme Court declared that *Miller* applied retroactively, thereby triggering MCL 769.25a's provisions.  As relevant here, MCL 769.25a provides:

> (4) The following procedures apply to cases described in subsections (2) and (3):
>
> (a) Within 30 days after the date the supreme court's decision becomes final, the prosecuting attorney shall provide a list of names to the chief circuit judge of that county of all defendants who are subject to the jurisdiction of that court and who must be resentenced under that decision.
>
> (b) Within 180 days after the date the supreme court's decision becomes final, the prosecuting attorney shall file motions for resentencing in all cases in which the prosecuting attorney will be requesting the court to impose a sentence of imprisonment for life without the possibility of parole.  A hearing on the motion shall be conducted as provided in section 25 of this chapter.
>
> (c) If the prosecuting attorney does not file a motion under subdivision (b), the court shall sentence the individual to a term of imprisonment for which the maximum term shall be 60 years and the minimum term shall be not less than 25 years or more than 40 years. Each victim shall be afforded the right under section 15 of the William Van Regenmorter crime victim's rights act, 1985 PA 87, MCL 780.765, to appear before the court and make an oral impact statement at any resentencing of the defendant under this subdivision.

---

[1] *People v Davis*, unpublished order of the Court of Appeals, entered November 23, 1994 (Docket No. 176985).

* * *

（6) A defendant who is resentenced under subsection (4) shall be given credit for time already served, but shall not receive any good time credits, special good time credits, disciplinary credits, or any other credits that reduce the defendant's minimum or maximum sentence.

Following *Montgomery*, the prosecution in this case did not file a motion under MCL 769.25a(4)(b), so defendant was resentenced under MCL 769.25a(4)(c) to 25 to 60 years' imprisonment for his first-degree murder conviction.

We initially address defendant's argument on appeal that MCL 769.25a(6) is unconstitutional. As already stated, this Court addressed this issue in *Wiley* and held the statute unconstitutional. The arguments put forth by the parties in this case are the same as the arguments addressed in *Wiley*, so we will not belabor this discussion. Instead, for the reasons stated by the majority in *Wiley*, we conclude that MCL 769.25a(6) unconstitutionally deprives defendant of the application of earned disciplinary credits to his sentence. See *Wiley*, ___ Mich App at ___; slip op at 11-20, 23. Because *Wiley* is published, we are compelled under MCR 7.215(J)(1) to follow that decision, and therefore hold that MCL 769.25a(6) may not be used to prevent defendant from having his disciplinary credits deducted from his minimum and maximum sentences to determine parole eligibility.

Turning to defendant's other arguments on appeal, he also challenges the constitutionality of MCL 769.25a(4)(c). Defendant contends that the Legislature's enactment of MCL 769.25a(4)(c) as applied to him violated the Ex Post Facto Clauses of the United States and Michigan Constitutions. We disagree. This Court reviews constitutional issues and questions of statutory interpretation de novo. *People v Harris*, 499 Mich 332, 342; 885 NW2d 832 (2016).

It is well settled that acts of the legislature are presumed constitutional unless their unconstitutionality is clearly apparent. *Sears v Cottrell*, 5 Mich 251, 259 (1858); *People v MacLeod*, 254 Mich App 222, 226; 656 NW2d 844 (2002). The party challenging the constitutionality of a statute has the burden of proving its invalidity. *People v Sadows*, 283 Mich App 65, 67; 768 NW2d 93 (2009).

As discussed in *People v Tucker*, 312 Mich App 645, 651; 879 NW2d 906 (2015):

The United States and Michigan Constitutions prohibit ex post facto laws. *People v Callon*, 256 Mich App 312, 316-317; 662 NW2d 501 (2003), citing US Const art I, § 10; Const 1963, art 1, § 10. This Court has declined to interpret the Ex Post Facto Clause of the Michigan Constitution as affording broader protection than its federal counterpart. *Callon*, 256 Mich App at 317. All laws that violate ex post facto protections exhibit the same two elements: "(1) they attach legal consequences to acts before their effective date, and (2) they work to the disadvantage of the defendant." *Id*. at 318. "The critical question [for an *ex post facto* violation] is whether the law changes the legal consequences of acts completed before its effective date." *Id*. (quotation marks and citations omitted; alteration in original).

The seminal case interpreting the federal Ex Post Facto Clause, *Calder v Bull*, 3 Dall 386; 3 US 386, 390; 1 L Ed 648 (1798), sets out the four basic categories of ex post facto violations:

> 1st. Every law that makes an action, done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action. 2nd. Every law that *aggravates a crime*, or makes it *greater* than it was, when committed. 3rd. Every law that *changes the punishment*, and inflicts a *greater punishment*, than the law annexed to the crime, when committed. 4th. Every law that alters the *legal rules of evidence*, and receives less, or different, testimony, than the law required at the time of the commission of the offence, *in order to convict the offender*.

Defendant argues that MCL 769.25a(4)(c) violated the Ex Post Facto Clauses as applied to him because it increased his punishment. According to defendant, MCL 769.25a(4)(c) increased his punishment from 10 to 40 years' imprisonment—the sentence originally imposed by the trial court—to a mandatory-minimum sentence of 25 years' imprisonment.

Resolution of this issue is straightforward. When defendant was originally sentenced, the law required the trial court to impose a sentence of life without the possibility of parole under MCL 750.316. It did not permit any other sentence. *Miller* subsequently declared mandatory-sentencing schemes requiring "children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes" to be unconstitutional. *Montgomery* declared *Miller* retroactive, which triggered MCL 769.25a. The prosecution in this case chose not to seek re-imposing a sentence of life without the possibility of parole under MCL 769.25a(4)(b), so when defendant was resentenced, the law required the trial court to sentence defendant to a minimum of 25 years under MCL 769.25a(4)(c). The law that MCL 769.25a changed was the requirement that a juvenile defendant convicted of first-degree murder be sentenced to life without the possibility of parole; under the changed law, the juvenile defendant convicted of first-degree murder previously subject to MCL 750.316 was no longer required to be sentenced to life without the possibility of parole, but was nonetheless required to be minimally sentenced to 25 years' imprisonment. The 25-year mandatory-minimum sentence required by MCL 769.25a decreased the previous mandatory sentence of life without the possibility of parole under MCL 750.316. Thus, MCL 769.25a as applied to defendant actually decreased the punishment he could receive for a conviction of first-degree murder and, in so doing, did not violate the Ex Post Facto Clauses.

Defendant urges us to ignore the Legislature's changing the law from MCL 750.316 to MCL 769.25a, and to focus instead on the trial court's original sentence of 10 to 40 years' imprisonment. But this ignores that "the focus of [an] ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage,' . . . but on whether any such change alters the definition of criminal conduct or increases the penalty *by which a crime is punishable*." *California Dep't of Corrections v Morales*, 514 US 499, 506, n 3; 115 S Ct 1597; 131 L Ed 2d 588 (1995) (emphasis added). When the trial court first sentenced defendant in 1994, first-degree murder was not punishable by a sentence of 10 to 40 years' imprisonment; it was only punishable by a sentence of lifetime imprisonment without the possibility of parole. Thus, the Legislature's later enactment of MCL 769.25a—and, as applied here, its requirement

that defendant receive at least a 25-year minimum sentence—did not " 'inflict[] a greater punishment than the law annexed to the crime, when committed,' " *Calder*, 3 US at 390 (emphasis omitted), because, when defendant committed first-degree murder in 1994, the law required he be sentenced to life without the possibility of parole.[2]

Defendant next argues that the trial court impermissibly amended his judgment of sentence *sua sponte* in violation of MCR 6.429 as interpreted by our Supreme Court in *People v Comer*, 500 Mich 278; 901 NW2d 553 (2017). We disagree. "This Court reviews de novo questions of law, including the interpretation and application of our court rules." *People v Howell*, 300 Mich App 638, 644; 834 NW2d 923 (2013).

Defendant was originally resentenced on April 27, 2017. On May 30, 2017, the trial court *sua sponte* amended defendant's judgment of sentence, adding the following text to Line 13: "Juvenile sentenced as adult. [Counts] 1-3 are concurrent and run consecutive to [Count] 4."

MCR 6.435(A) allows a trial court to correct a clerical error in a criminal judgment of sentence, stating:

> (A) Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it.

"Under this subrule, a court may correct a clerical mistake on its own initiative at any time, including after a judgment has entered." *Comer*, 500 Mich at 293.

In 1994, defendant was convicted of felony murder, armed robbery, assault with intent to rob while armed (AWITRWA), and felony-firearm. In 1994, defendant was sentenced to concurrent sentences of 10 to 40 years' imprisonment for the felony-murder conviction, and 10 to 25 years' imprisonment for the armed-robbery and AWITRWA convictions, to run consecutively to a two-year sentence for the felony-firearm conviction. At defendant's first sentencing hearing, the trial court stated, "Counts I, II, and III are concurrent. But Count IV, which is the Felony Firearm, must be done before any time is done on the others." At defendant's first resentencing hearing after this Court peremptorily reversed the trial court's first sentence, the trial court stated, "Mandatorily, I must sentence you to natural life in prison on the murder one, and the mandatory two years on the felony firearm. And the other sentences will stand on the armed robbery and assault with intent to rob." The judgment of sentence that was

---

[2] Defendant also argues that *Miller* effectively rendered MCL 750.316 unconstitutional as applied to juveniles, which in turn rendered any sentence imposed upon a juvenile under that statute void *ab initio*. See *Johnson v White*, 261 Mich App 332, 336; 682 NW2d 505 (2004). But this argument still ignores that, in 1994, first-degree murder was not punishable by 10 to 40 years' imprisonment, so defendant cannot establish that MCL 769.25a "increases the penalty by which [defendant's] crime is punishable." *Morales*, 514 US at 506, n 3.

entered following this hearing states, "Juvenile Sentenced as an adult. Count 1-3 run consecutively to Count 4."

On April 27, 2017, on remand from our Supreme Court, the trial court resentenced defendant to 25 to 60 years' imprisonment for his felony-murder conviction. At the April 27, 2017 resentencing hearing, the trial court only mentioned defendant's sentence for his first-degree murder conviction, which was the only conviction vacated by our Supreme Court's order. See *People v Davis*, 499 Mich 903, 903-904 (2016). The first page of the April 27, 2017 judgment of sentence indicates that defendant was convicted of felony murder, AWITRWA, and felony-firearm, and included a notation that his armed-robbery conviction was vacated in 1997. In the section listing defendant's sentences, the trial court only included the felony-murder sentence of 25 to 60 years' imprisonment. But the judgment of sentence also indicated that there was "no change" to defendant's other sentences. On May 30, 2017, the trial court, without prompting from either party, amended the judgment of sentence to list defendant's sentences for the felony-firearm and AWITRWA convictions. As already stated, the trial court also added that defendant's felony-firearm conviction was to run consecutive to his other convictions. Based on this record, it is clear that the errors in the April 27, 2017 judgment arose from an "oversight" and therefore the constituted a clerical mistake. MCR 6.435(A). As the mistake was clerical, the trial court permissibly amended the judgment of sentence on its own initiative on May 30, 2017.

Defendant contends that, based on *Comer*, we should conclude that the trial court's error was not clerical and review the trial court's correction under MCR 6.429. But defendant ignores that this case differs from *Comer* in a key respect; the parties in *Comer* did "not contend that the failure to sentence [the] defendant to lifetime electronic monitoring was a clerical mistake" because "the original sentencing judge said nothing about lifetime electronic monitoring at the initial sentencing." *Id*. at 561. Here, unlike in *Comers*, the original sentencing judge notified defendant that his felony-firearm conviction would run consecutive to his other convictions. By the time of defendant's April 27, 2017 resentencing, the original judge had retired, and the judge that took over made a clerical error by failing to note that defendant's felony-firearm conviction ran consecutive to his other convictions. Based on defendant's original sentencing and prior judgments of sentence, he was clearly aware that his felony-firearm conviction ran consecutive to his other convictions, and he had no expectation that this would change; our Supreme Court's order only vacated his first-degree murder conviction. See *Davis*, 499 Mich at 903-904. For these reasons, we decline defendant's invitation to conclude that the error here was substantive.

We affirm defendant's sentences and convictions, and, based on *Wiley*, ___ Mich App at ___; slip op at 11-20, 23, conclude that MCL 769.25a(6) may not be used to prevent defendant from receiving disciplinary credits on his minimum and maximum sentences.

/s/ Kathleen Jansen
/s/ Colleen A. O'Brien